FIRST DEPARTMENT, JANUARY, 1953.

(January 8, 1953.)

In the Matter of the Arbitration between GEORGE UNSINN et al., Appellants, and REPUBLIQUE FRANCAISE, Respondent.

*Per Curiam.* The arbitration agreement between the parties provided that buyer and seller agreed to submit to arbitration all claims or controversies regarding the meaning, application or extent of either party's performance of any of the provisions of the agreement. In the light of the wording of the warranty clause in question, this left to the arbitrators the meaning, application and scope of that clause when the parties disagreed. It is not clear beyond all doubt that the clause referred to the time within which claims might be made for breach of warranty as well as the duration of the warranty itself (see *Matter of Raphael* [*Silberberg*], 274 App. Div. 625, 628).

We do not pass upon the meaning and the scope of the clause in question as to which there is dispute. While respondent could have been more specific as to the nature of the breach and the dates involved, and the arbitrators on full disclosure of the facts may decide the application is made too late, we think the order appealed from should be affirmed, but without costs.

VAN VOORHIS, J. (dissenting). Appellants have appealed from an order denying their motion to stay arbitration and granting the cross motion of respondent to compel arbitration. The controversy concerns an alleged breach of warranty of quality of auger bits, which were sold and delivered by appellants to respondent in 1946. The contract contained the following paragraph concerning warranties:

" Seller warrants that all goods, material and workmanship purchased or performed under this contract shall be of the highest grade and consistent with the established and generally accepted standards for goods, material and workmanship of this type and in full conformity with all specifications, drawings and samples; and that any machinery furnished hereunder will operate properly; and Seller agrees that this warranty will survive acceptance of and payment for goods or material, whether any defects shall be latent or patent, and agrees to save Buyer harmless from any loss, damage or any expense whatsoever, including attorneys fees, that Buyer may suffer as a result of the failure of the goods, material or workmanship to be as warranted. This warranty with respect to goods or material, other than machinery, shall expire twelve months from the date of receipt by Buyer of such goods and material and, with respect to machinery, twelve months after the date of initial operation of such machinery."

The defects claimed in these auger bits existed, if at all, when they were delivered. No notice of alleged breach of warranty was given by the buyer to the seller until after the expiration of twelve months from the date of receipt by the buyer of these goods. The buyer has contended successfully at Special Term that the twelve months mentioned in this clause of the contract limit the duration of the warranties, but not the period in which claims for breach of warranty can be made. Apart from the circumstance that section 130 of the Personal Property Law requires that claims for damages from breach of warranty shall be made within a reasonable time — the lapse of more than one year exceeds a reasonable time, as matter of law — the language of this limitation indicates that it controls the period in which such claims can be made as well as the length of life of the warranty. Reference is made by the language to two kinds of breach of warranty. All goods, materials and workmanship are to be of the highest grade, and consistent with accepted standards. More than this, the seller undertook " that any machinery furnished hereunder will operate properly ". There is a difference between defects in the goods themselves, such as these auger bits, and failure of machinery to operate. The hardware which was the subject of this sale would not ordinarily be called machinery. The language of the contract states that ." This warranty with respect to goods or material, other than machinery, shall expire twelve months from the date of receipt by Buyer of such goods and material and, with respect to machinery, twelve months after the date of initial operation of such machinery." Although the language might have said more precisely that the periods mentioned were intended to limit the time for making claims as well as the duration of the warranties, it is clear that such was the intended effect. In the case of operation of machinery, it was important to express the time within which the seller would be responsible if the machinery broke down under operation. No such necessity existed to limit the duration of the life of the warranty in case of goods or material other than machinery. The breach of warranty, in those cases, would consist in defects in the goods or material existing at the time of delivery. That is the kind of warranty involved in this controversy. It would be meaningless to say that such warranties would expire twelve months from the date of delivery, unless the contracting parties intended to limit the time in which claims for breach of warranty could be presented. Otherwise the time limit would never apply, since the warranty would always be broken within the twelve-month period at the time when the goods were delivered. The conclusion is inescapable that by the language used the parties were limiting the times within which claims for breach of warranty could be made. Under the express wording of the agreement, no distinction is made between latent or patent defects. In either event, claims must be presented within twelve months, which is a long enough period in the case of auger bits to be reasonable for that purpose as matter of law.

There being no arbitrable dispute, the arbitrators are without jurisdiction to act (*Matter of General Elec. Co.* [*Elec., etc., Workers*], 300 N. Y. 262; *Matter of International Assn. of Machinists* [*Cutler-Hammer, Inc.*], 271 App. Div. 917, affd. 297 N. Y. 519; *Matter of Brookside Mills* [*Raybook Textile Corp.*], 276 App. Div. 357).

The order appealed from should be reversed, appellants' motion to stay arbitration should be granted, and the cross motion of respondent to compel arbitration should be denied, with $20 costs and printing disbursements to appellants.

Peck, P. J., Dore and Cohn, JJ., concur in *Per Curiam* opinion; Van Voorhis, J., dissents and votes to reverse in opinion in which Breitel, J., concurs.
Order affirmed.