In the Matter of the Arbitration between ISIDORE RAPHAEL, Doing Business as RAPHAEL SHIRT COMPANY, Appellant, and ISIDOR SILBERBERG et al., Copartners Doing Business as EAGLE CONVERTING COMPANY, Respondents.

First Department, February 14, 1949.

*David R. Gladstone* of counsel (*Charles Struckler,* attorney), for appellant.

*Milton S. Marks* of counsel (*Sidney Solway Miller* and *Michael Mishkin* with him on the brief; *Conrad Lipton,* attorney), for respondents.

DORE, J. Petitioner, a shirt manufacturer, buyer of shirting material from respondents, doing business as Eagle Converting Company, sellers, under a contract providing that any controversy in relation thereto shall be settled by arbitration, appeals from order of Special Term denying the buyer's application to compel arbitration.

The contract contained the following provisions: " All claims must be made within 10 days. No claims allowed after goods are cut."

The buyer alleges that after the shirts had been made and sold to retailers, shirts were returned to petitioner because the material, after washing, had an odor, was not properly preshrunk, and the dye was not firm; that the defects were latent, could not be discovered on inspection and were unknown to the buyer until after the use of the shirts by the customer. Accordingly, the buyer demanded arbitration but the sellers refused to arbitrate in the manner provided by the terms of the contract.

On the buyer's application to compel arbitration, Special Term held that the above-quoted clauses were Statutes of Limitations on the time within which arbitration could be demanded; and that after expiration of ten days from date of receipt of the goods, or after the goods were cut, no claim of any kind could thereafter be made by the buyer with respect thereto.

We think the holding was erroneous. The clauses in question clearly are not by their terms Statutes of Limitations as to the time within which *arbitration* must be claimed. They refer to the time within which *claims* may be made, and set up conditions which if applicable must be satisfied before the claims may be allowed. They do not set up conditions which must be satisfied

before arbitration can be demanded. The arbitration clause in question is broad in its terms; it includes all disputes arising under any of the clauses of the contract; and, especially in a case where as here, latent defects are claimed, all disputed issues are for the arbitrators.

This court has expressly held that a ten-day clause as to the making of claims is not a Statute of Limitation for instituting arbitration proceedings; and that the issue as to whether a claim made after the expiration of the ten-day period should be allowed is a matter for determination of the arbitrators (*Matter of Tuttman* [*Kattan, Talamas Export Corp.*], 274 App. Div. 395). The sellers contend that case is not here controlling because there the material concededly had not been cut before the claim for breach of warranty was made, whereas in this case it is undisputed that the material had been cut and made into shirts before claim was made or arbitration demanded. Accordingly, the sellers urge that there is no bona fide issue of a dispute between the parties as the buyer by cutting the goods lost any right to assert a claim, and that to hold otherwise would cause a miscarriage of justice as no recourse may be had from mistakes of law made by arbitrators, relying on *Matter of Kramer & Uchitelle, Inc.* (288 N. Y. 467) and *Matter of Wenger & Co. v. Propper Silk Hosiery Mills* (239 N. Y. 199).

The *Kramer* case (*supra*, p. 472) is clearly distinguishable. In that case it was conceded the contract price was higher than the applicable maximum price fixed by the Price Administrator of the Office of Price Administration and the court held the contract was completely frustrated of performance by an act of government and this excused the seller from performance as a matter of law. The court ruled that "when the contract was at an end the arbitration provision no longer existed or had any force whatever". That state of facts is not here presented. Proceedings to enforce arbitration presuppose the existence of a valid and enforcible contract at a time when the remedy is sought (Civ. Prac. Act, § 1450). Here there is no issue as to the making of the contract and no claim that it was ever terminated or frustrated by illegality or otherwise; the only issue is failure to comply with its terms (*Matter of Lipman* [*Haeuser Shellac Co.*], 289 N. Y. 76).

In the *Wenger* case (*supra*) the Court of Appeals held that it was the duty of the courts to enforce arbitration agreements "rather than to undertake itself to settle the dispute or to narrow the field of arbitral disputes." (P. 202.) The court said:

" Difficult questions of law as well as of fact may arise. By the terms of the contract disputes whether of law or fact are arbitrable. Traders may prefer the decision of the arbitral tribunal to that of the courts on such questions. When they have selected their tribunal, the court ought not to interfere with them unless very substantial reasons are shown." (P. 203.) On this record, the ruling in the *Wenger* case supports the buyer's contentions, not the sellers'.

As above indicated, the buyer alleges defects in question were latent. Under the facts disclosed it was for the arbitrators to say whether or not claim made after the ten-day period and after the goods had been cut should be allowed. We may not say on this record that the claim is so unconscionable or frivolous as to justify the court in refusing to order the parties to proceed to arbitration or to say as a matter of law there is nothing to arbitrate.

The clauses were not a Statute of Limitation as to the time when a demand to arbitrate may be made. By the terms of the contract the parties have elected to submit any dispute, whether of law or of fact, to the particular method of arbitration prescribed in the contract; they have selected their tribunal, and the language employed is sufficiently broad to vest that tribunal with exclusive jurisdiction of the dispute in question which arose after the making of the contract and during its continuing legal validity.

The order appealed from should be reversed and the application to compel arbitration in the manner provided for in the contract should be granted, with costs to appellant.

COHN, CALLAHAN, VAN VOORHIS and SHIENTAG, JJ., concur.

Order unanimously reversed, with $20 costs and disbursements to the appellant and the motion granted. Settle order on notice.