■ In the Matter of the BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF POUGHKEEPSIE, Respondent-Appellant, v. LUNA ELECTRIC CO., INC., Appellant-Respondent.— In a proceeding to stay arbitration of a dispute under a contract, demanded by appellant-respondent, the parties cross-appeal from separate portions of an order of the Supreme Court, Dutchess County, dated May 9, 1972. The appeal by appellant-respondent is from the portion which granted the application and the appeal by respondent-appellant is from the remainder of the order, i.e., the portion which adjudged that appellant-respondent had the requisite status to initiate arbitration proceedings. Order modified, on the law, by striking therefrom the second decretal paragraph, which granted the stay of arbitration, and substituting therefor a provision denying the stay. As so modified, order affirmed, without costs. In our opinion, although appellant-respondent had the requisite status to initiate arbitration proceedings, the stay of arbitration was nevertheless erroneously granted. We disagree with Special Term's conclusion that appellant-respondent failed to file a timely notice of claim in compliance with section 3813 of the Education Law and that such failure warrants the granting of the stay. Section 3813 provides, in essence, that no " action " or "special proceeding" shall be maintained against a school district unless a written verified claim, upon which such action or special proceeding is founded, was presented to the governing body of the district within three months following the accrual of the claim. Since an arbitration is not an action, and under the CPLR it is no longer itself considered a special proceeding (*Matter of Jonathan Logan* [*Stillwater Worsted Mills*], 31 A D 2d 208, affd. 24 N Y 2d 898; 8 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 7502.04), the time requirement in section 3813 may not even be applicable. Even assuming its applicability, however, it seems clear to us that the three-month time period contained in that section has been complied with. (Appellant-respondent's cause of action concededly accrued on March 17, 1970 and a verified claim was served on April 16, 1970.) We also disagree with Special Term's unsupported conclusions that the applicable time requirements set forth in the contract in question are conditions precedent to the maintenance of arbitration proceedings and that these contractual time requirements were not satisfied and that therefore the stay was justified. In our opinion, the only contractual provision which can even arguably be said to set forth a condition precedent to arbitration is article 28. It provides in pertinent part that " Should either party of this Contract suffer damages because of any wrongful act or neglect of the other party * * * claim shall be made in writing to the party liable within a reasonable time of the first observance of such damage and not later than the final payment ". We feel that this contractual provision " refer[s] to the time within which [a claim] * * * may be made, and set[s] up conditions which if applicable must be satisfied before the * * * [claim] may be allowed" (*Matter of Raphael* [*Silberberg*], 274 App. Div. 625, 626). In other words, the time requirement of article 28 affects the very validity of the claim itself and therefore is a matter to be decided by the arbitrators (*Matter of Tuttman* [*Kattan, Talamas Export Corp.*], 274 App. Div. 395; see 8 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 7502.16). Article 28 does not set forth an express condition precedent which must be satisfied before arbitration can be demanded (see *Matter of Raphael* [*Silberberg*], *supra*). Since none of the other grounds set forth in the petition merits the stay

granted by Special Term, the order should be modified by denying the stay. Hopkins, Acting P. J., Munder, Martuscello, Christ and Benjamin, JJ., concur.