In re the Arbitration Between Michael
**WANSCHURA, Claimant, Appellant,**

v.

**WESTERN NATIONAL MUTUAL INSURANCE COMPANY, et al.,**
**Respondents.**

**No. CO–86–481.**

Court of Appeals of Minnesota.

July 15, 1986.

Review Denied Aug. 27, 1986.

James R. Schwebel, Peter H. Berge, Schwebel, Goetz, Sieben & Hanson, P.A., Minneapolis, for appellant.

James T. Martin, Gislason, Martin & Varpness, P.A., Minneapolis, for respondents.

Considered and decided by PARKER, P.J., and WOZNIAK and SEDGWICK, JJ., with oral argument waived.

## OPINION

SEDGWICK, Judge.

This appeal is from denial of pre-judgment interest on confirmation of an arbitration award. We affirm.

## FACTS

Appellant Michael Wanschura's daughter was killed in a traffic accident in 1983. Appellant, as trustee for the heirs, filed a claim against respondent Western National Mutual Insurance Company for underinsured motorist coverage and demanded arbitration of the claim pursuant to the policy. Appellant did not request pre-judgment interest from the arbitration panel. The panel awarded $250,000 to appellant.

Appellant then moved in district court for confirmation of the award and for pre-judgment and post-judgment interest. The parties stipulated to the amount of post-judgment interest owed, and the trial court denied the request for pre-judgment interest.

## ISSUE

Did the trial court err in refusing to award pre-judgment interest on the arbitration award?

## ANALYSIS

A party may move in district court for confirmation of an arbitration award. Minn.Stat. § 572.18 (1984). After confirmation of the award, judgment is to be entered "in conformity therewith." Minn. Stat. § 572.21 (1984). The statute also provides for vacation and modification or correction of an award. Minn.Stat. §§ 572.19 and 572.20 (1984).

In *National Indemnity Co. v. Farm Bureau Mutual Insurance Co.*, 348 N.W.2d 748 (Minn.1984), the claimant specifically requested pre-judgment interest in the application for arbitration, but the arbitrators did not award any. The claimant then moved for an order confirming the award and for pre-judgment interest. The trial court granted the request, but the supreme court reversed. The court interpreted the arbitration statute (Minn.Stat. ch. 572) to preclude an award of pre-judgment interest when the application for arbitration included interest as an item of damages and the arbitrators did not award any. *Id.* at 752. A request for modification or correction of the award would have been the proper procedure to follow. *Id.*

Respondent argues that this case is controlled by *Hedlund v. Citizens Security Mutual Insurance Co.*, 377 N.W.2d 460 (Minn.Ct.App.1985). *Hedlund* involved arbitration of an underinsured motorist claim in which the claimant did not request pre-judgment interest. The claimant then moved for confirmation of the award and for pre-judgment interest. The court denied the request for interest. This court affirmed the denial stating that the question was not properly before the trial court. *Hedlund*, 377 N.W.2d at 464 (citing *National Indemnity Co. v. Farm Bureau Mutual Insurance Co.*, 348 N.W.2d 748 (Minn.1984)).

As the *National Indemnity* court noted, every reasonable presumption is to be exercised in favor of the finality and the validity of an arbitration award. *Id.* at 750 (citation omitted). Minnesota has consistently favored arbitration as a speedy and relatively inexpensive method of dispute resolution. *See Crosby-Ironton Federation of Teachers, Local 1325 v. Independent School District No. 182*, 285 N.W.2d 667, 669 (Minn.1979); *Ehlert v. Western National Mutual Insurance Co.*, 296 Minn. 195, 199, 207 N.W.2d 334, 336 (1973). In this case, as in *Hedlund*, appellant should have submitted the request for pre-judgment interest to the arbitration panel. By not doing so, appellant waived his claim for pre-judgment interest.

## DECISION

The trial court did not err in denying appellant's request for pre-judgment interest on the arbitration award. Affirmed.