Mark A. LUCAS, Appellant,

v.

**AMERICAN FAMILY MUTUAL
INSURANCE COMPANY,**
Respondent.

No. CX–86–679.

Court of Appeals of Minnesota.

Sept. 23, 1986.

Review Granted Nov. 19, 1986.

Derck Amerman, Minneapolis, for appellant.

Kenneth Gleason, Minneapolis, for respondent.

Heard, considered and decided by HUSPENI, P.J., and PARKER and RANDALL, JJ.

## MEMORANDUM OPINION

PARKER, Judge.

An arbitration panel awarded Mark A. Lucas $210,000 for injuries he suffered in an automobile accident involving an uninsured motorist. Although an arbitration claimant seeking prejudgment interest normally requests it at the arbitration hearing, the parties in this case "reserved" the issue for determination by the district court. The district court denied Lucas' request for prejudgment interest on the arbitration award, and he appeals. We affirm.

## ISSUE

May the claimant in an arbitration hearing reserve the issue of prejudgment interest for determination by the trial court?

## DISCUSSION

"Minnesota has consistently looked on arbitration as a proceeding favored in the law." *Ehlert v. Western National Mutual Insurance Co.*, 296 Minn. 195, 199, 207 N.W.2d 334, 336 (1973). One of the purposes of arbitration is to provide "a speedy and relatively inexpensive method of dispute resolution." *Wanschura v. Western National Mutual Insurance Co.*, 389 N.W.2d 927, 928 (Minn.Ct.App.1986), *pet. for rev. denied*, (Minn. Aug. 27, 1986). If arbitration claimants were allowed to reserve issues such as prejudgment interest for subsequent determination by the district court, filing an arbitration claim would no longer be any speedier or less expensive than filing the suit in a district court from the outset. Indeed, because two separate hearings would be required, arbitration would become the less efficient of the two alternatives.

Recognizing this need for finality at the arbitration level, this court has held that a district court may not award prejudgment interest to an arbitration claimant who fails to request such interest from

the arbitration panel. *Id.; see Hedlund v. Citizens Security Mutual Insurance Co.,* 377 N.W.2d 460 (Minn.Ct.App.1985). *See also National Indemnity Co. v. Farm Bureau Mutual Insurance Co.,* 348 N.W.2d 748, 752 (Minn.1984) (district court may not award prejudgment interest when such request has been denied by the arbitration panel). Consistent with these recent decisions and the foregoing policy concerns, we hold that an arbitration claimant may not reserve the issue of prejudgment interest for determination by the district court. If the claimant fails to request prejudgment interest from the arbitration panel, it is waived. In *Wanschura* this court said, "appellant should have submitted the request for prejudgment interest to the arbitration panel. By not doing so, appellant waived his claim for prejudgment interest." *Wanschura,* 389 N.W.2d at 928. In light of our holding, we need not reach the issue of the scope of Minn.Stat. § 549.09 (1984), or any of the additional issues raised by appellant.

### DECISION

Appellant waived his claim for prejudgment interest.

Affirmed.