**Mark A. LUCAS, Petitioner, Appellant,**

v.

**AMERICAN FAMILY MUTUAL INSURANCE COMPANY, Respondent.**

No. CX–86–679.

Supreme Court of Minnesota.

April 10, 1987.

William J. Keefer, Derck Amerman, Minneapolis, for appellant.

Kenneth Gleason and Sheila Ann Engelmeir, Minneapolis, for respondent.

KELLEY, Justice.

After sustaining personal injuries in an automobile accident involving an uninsured motorist, appellant Mark Lucas sought damages through arbitration pursuant to a provision of his own automobile insurance policy written by the respondent American Family Mutual Insurance Company (American Family). After receiving an arbitration award, he commenced this action seeking recovery of interest on the award under Minn.Stat. § 549.09 (1986) (Minnesota's preverdict/prereport interest statute). In ordering summary judgment for respondent, the trial court held the statute did not permit recovery of prearbitration award interest. In affirming, the court of appeals did not address that issue but rather held that by not asserting his claim to the interest before the arbitration panel, appellant had waived it.[1] Although we do not concur with the waiver analysis of the court of appeals, we conclude, as did the trial court, that in the absence of agreement of the parties, prearbitration award interest is not recoverable under Minn.Stat. § 549.09 (1986). Accordingly, we affirm.

Pursuant to Rule 110.04, Minn.R.Civ. App.P., this appeal comes to us on stipulated facts. The salient facts are that appellant was severely injured while a passenger in an automobile owned and operated by an uninsured motorist. Eventually, pursuant to the uninsured motorist provisions of policies written by respondent, appellant's claims were heard by a panel of arbitrators who made an award to appellant in the amount of $210,000. At the time of the arbitration, by stipulation, the issue of whether the appellant was entitled to preaward interest was reserved by the parties for determination by the district court.

(1) Both parties seek review of the decision of the court of appeals. Both claim that the court of appeals erred in holding that an arbitration claimant may not reserve the issue of prejudgment interest for determination by the district court.[2]

Noting that Minnesota courts have regarded arbitration proceedings to be favored in the law, *Ehlert v. Western Nat'l Mut. Ins. Co.*, 296 Minn. 195, 199, 207 N.W.2d 334, 336 (1973), and that at least one purpose of arbitration is to provide an expedited method of dispute resolution, *see, e.g., Wanschura v. Western Nat'l Mut. Ins. Co.*, 389 N.W.2d 927, 928 (Minn.App. 1986), the appeals court, relying on *National Indem. Co. v. Farm Bureau Mut. Ins. Co.*, 348 N.W.2d 748 (Minn.1984) and *Hedlund v. Security Mut. Ins. Co.*, 377 N.W.2d 460 (Minn.App.1985) concluded that the prejudgment interest question will be deemed to be waived if not asserted before the arbitrators. *See Lucas v. American Family Mut. Ins. Co.*, 393 N.W.2d 379 (Minn.App.1986).

Because we conclude (1) that such reliance was inappropriate; (2) that, in the absence of statute precluding it, parties by contract may delineate issues to be submitted to arbitration; (3) that nothing in

1. *Lucas v. American Family Mut. Ins. Co.*, 393 N.W.2d 379 (Minn.App.1986). The court of appeal's opinion did not address the issue of the scope of Minn.Stat. § 549.09 (1986). Instead, it held that a claimant in arbitration may not reserve the issue of "prejudgment interest" for later determination by the district court. Even though the parties in the arbitration proceeding had stipulated that the issue of interest was "reserved," the court of appeals found appellant had waived his claim to prejudgment interest.

2. This issue was neither raised, briefed, nor argued by either of the parties before the court of appeals. Normally, an appellate court will not consider issues on appeal neither assigned, briefed, nor argued. (*Lener v. St. Paul Fire & Marine Ins. Co.*, 263 N.W.2d 389, 390 (Minn. 1978); *Haugen v. Swanson*, 222 Minn. 203, 207, 23 N.W.2d 535, 537 (1946)).

the Minnesota Arbitration Act mandates that all issues between parties must either be submitted to arbitration or be deemed waived; and (4) that in certain instances, such as exist here, important legal issues may remain unresolved unless parties are permitted to reserve them from arbitration for later determination in the judicial system, we decline to follow the holding of the court of appeals.

Initially, neither case relied on by the court of appeals supports the broad rule adopted by it. In *Hedlund*, 377 N.W.2d 460, at 464, the parties simply had failed to raise the prejudgment interest question at all before the arbitrators and, therefore, the appellate court ruled that the issue had not been properly before the trial court. On a subsequent motion to conform or modify the award, the case contained no discussion nor ruling prohibiting the parties from reserving the issue by contract. In *National Indem. Co.*, 348 N.W.2d 748, at 752, this court merely held that the arbitration statute does not permit assessment of preaward interest upon a motion for confirmation of award where no interest was awarded by arbitrators. Nothing in that opinion precluded the parties from reserving the issue for court determination. In contrast to those cases, in the instant case, the parties, when before the arbitrators, specifically acknowledged the existence of a prejudgment interest issue. However, due to uncertainty relative to the applicability of section 549.09 to arbitration proceedings, and the fact, apparently, that conflicting constructions were being placed on the statute, the parties unambiguously agreed to reserve the issue for a district court determination. In fact, the arbitration award itself reflects not only this understanding between the parties but also the understanding of the arbitrators.

■ Secondly, contract law principles clearly apply to agreements in arbitration. *See, e.g., Layne-Minnesota Co. v. Regents of Univ. of Minnesota*, 266 Minn. 284, 288–89, 123 N.W.2d 371, 375 (1963). Without question, by mutual agreement parties may restrict the arbitration of certain issues. *See, e.g., City of Bloomington v. Local*

*2828 of Am. Fed'n of State, County and Mun. Employees*, 290 N.W.2d 598, 603 (Minn.1980). In this case the parties did so. Unless Minn.Stat. § 572.08–30 (1986), the Arbitration Act prohibits it, we can ascertain no reason why the parties may not agree to modify the contract (the arbitration provision in the insurance policy) to restrict the arbitration to specific issues. It is not at all unusual for parties to labor, construction, and commercial contracts, to be bound by arbitration of only those issues which unequivocally they have agreed to arbitrate. Indeed, we have noted that parties by contract may permissibly do so. In *Layne-Minnesota*, we observed:

[C]ontracting parties, desiring to avail themselves of the benefits of arbitration, retain control over the arbitration process by the language of their agreements. In contracts providing for arbitration of future controversies, the parties may narrowly limit arbitrability or they may comprehensively provide that all disputes, whether arising under the terms of the contract or growing out of their relationship—even though not cognizable in a court of law or equity—may be referable to arbitration.

266 Minn. at 288–89, 123 N.W.2d at 375; *see also Donoghue v. Kohlmeyer & Co.*, 63 Ill.App.3d 979, 20 Ill.Dec. 794, 380 N.E.2d 1003 (1978).

■ We find no provisions of sections 572.08–.30 which mandate that all issues between the parties be determined by arbitration. This seems to be implied even in introductory clause to the arbitration act, Minn.Stat. § 572.08:

A written agreement to submit any existing controversy to arbitration or a provision in a written contract to submit to arbitration *any controversy* thereafter arising between the parties is valid, enforceable, and irrevocable, save upon such grounds as exists at law or in equity for the revocation of any contract.

(Emphasis supplied). In Minnesota, no doubt exists that a contract or a term of a contract may be revoked by mutual agreement. *New Amsterdam Casualty Co. v. Lundquist*, 293 Minn. 274, 288 n. 5, 198

N.W.2d 543, 551 n. 5 (1972); *Enga v. Felland*, 264 Minn. 67, 70, 117 N.W.2d 787, 789 (1962); *Mitchell v. Rande*, 225 Minn. 145, 148, 30 N.W.2d 27, 30 (1947). Moreover, courts may not construe the arbitration act to mandatorily require all possible issues existing between parties be submitted to arbitration unless the statute "contain[s] negative terms importing a plain legislative intent that acts authorized therein are to be performed only in a prescribed manner; or language manifesting a positive legislative prohibition against their performance in ways other than those specified." *Agassiz & Odessa Mut. Fire Ins. Co. v. Magnusson*, 272 Minn. 156, 165, 136 N.W.2d 861, 868 (Minn.1965). Applying that test, we can find neither negative terms nor any positive prohibition preventing the parties by mutual agreement from reserving an issue for determination by the courts.

■ Finally, a prohibition against modification of the contract's arbitration provision by mutual agreement of the parties, in at least some instances—such as this— would effectively bar scrutiny by the appellate courts of conflicting interpretations of statutes by arbitration panels and trial courts.[3] Rarely, if ever, may an arbitration decision be directly removed to an appellate court. *See, e.g.*, Minn.R.Civ.App.P. 103.03. Limited review by a district court of an arbitration award is provided by sections 572.18–20, but no statutory or case law authority exists giving the district court jurisdiction to vacate an award because the arbitrator(s) made an error of law. *See,* e.g., *David A. Brooks Enterprises v. First Sys. Agency*, 370 N.W.2d 434, 436 (Minn. App.1985); *State by Sundquist v. Minnesota Teamsters Pub. & Law Enforcement Employee's Union Local 320*, 316 N.W.2d 542, 544 (Minn.1982); *Cournoyer v. American Television & Radio Co.*, 249 Minn. 577, 580, 83 N.W.2d 409, 411 (1957). Those limitations on the scope of review of arbitration awards effectively act to deprive the courts of an authoritative construction of section 549.09—unless the issue can be raised following reservation of the issue by either a declaratory judgment action (*see* section 555.02 (1986)), or, as here, by commencing an action to recover the claimed interest. When the parties to a dispute have themselves unequivocally agreed to reserve a legal issue for court review, the general public policy favoring speed and finality in arbitration should be subject to an overriding policy of providing the parties a definitive court interpretation of a disputed legal claim. Therefore, we hold that by agreeing to reserve the pre-award interest question for determination by the district court, appellant did not waive his right to assert it in a district court action.

(2) At the arbitration the question reserved for judicial determination was construction of section 549.09—in particular whether its provisions permitting recovery of "prejudgment" interest are applicable to arbitration awards. Portions of the statute pertinent to resolution of the issue posed are found in the margin.[4] Appellant Lucas

---

3. For example, counsel in briefs before this court assert a conflict in the interpretation of section 549.09 exists between the various state trial courts.

4. Minn.Stat. § 549.09, insofar as relevant reads:
   **INTEREST ON VERDICTS AND JUDGMENTS.**
   Subdivision 1. **When owed; rate.** (a) When the judgment is for the recovery of money, * * *, interest from the time of the *verdict* or *report* until judgment is finally entered shall be computed * * * and added to the judgment.
   (b) Except as otherwise provided by contract or allowed by law, preverdict or prereport interest on pecuniary damages shall be computed as provided in clause (c) from the time of the commencement of the *action* * *.

The *action* must be commenced within 60 days of a written settlement demand * * *. The prevailing party shall receive interest on any judgment from the time the *action* was commenced * * *. If the amount of the losing party's offer was closer to the judgment than the prevailing party's offer, the prevailing party shall receive interest only on the amount of the settlement offer or the judgment, whichever is less, and only from the time the *action* was commenced * * *. Except as otherwise provided by contract or allowed by law, preverdict or prereport interest shall not be awarded on the following:
   (1) judgments, awards, or benefits in workers' compensation cases, but not including third-party actions;
   (2) judgments, decrees, or orders in dissolution, annulment, or legal separation actions;

asserts that the statute applies to arbitration awards, and that therefore he is entitled to preaward interest. On the other hand, respondent argues that the express language of section 549.09 clearly demonstrates that it is so restricted as to not permit recovery of prearbitration award interest. Critical to the resolution of the opposing contentions are the meanings of the phrase "preverdict or prereport interest" and the term "action" as employed in the statute. In arguing that "action" includes arbitration, appellant posits two contentions: (1) that "action" as defined in the UCC (Minn.Stat. § 336.1–201(1) (1986)) encompasses more than court proceedings; and (2) that although "verdict" inherently may connote court proceedings, "report" does not.

In contrast, respondent argues that in construing section 549.09 the word "action" should have the definition found in Minn. Stat. § 645.45(2) (1986). Using that definition, the word "action" refers to a court proceeding.[5] Respondent likewise contends that "report" is a technical term referring to a report issued by a referee pursuant to Minn.R.Civ.P. 53.05.

■ As did the trial court, we conclude that "action" in section 549.09 refers only to a judicial proceeding. In addition to the statutorily mandated definition of "action," we note that historically a proceeding in arbitration has not been deemed a judicial proceeding. *See, e.g., McDonald v. City of West Branch*, 466 U.S. 284, 104 S.Ct. 1799, 80 L.Ed.2d 302 (1984) (arbitration not a judicial proceeding for purposes of issue preclusion); *National Indem. Co. v. Farm Bureau*, 348 N.W.2d at 751; *Har-Mar, Inc. v. Thorsen & Thorshov, Inc.*, 300 Minn. 149, 153, 218 N.W.2d 751, 754–55 (1974) (specifically holding that an arbitration pro-

ceeding is not an "action"). *See also Muirhead v. Johnson*, 232 Minn. 408, 46 N.W.2d 502 (1951). We likewise reject appellant's contention that the UCC definition of "action" should be interpretively "written into" section 549.09. Admittedly the word "action" is afforded a more expansive definition in the UCC (Minn.Stat. § 336.1 et seq.). However, the UCC itself contains a definitional limitation confining the meaning of the word to UCC remedies. *See* Minn.Stat. § 336.1–201 (1986).

Lucas contends that the phrase "unless the context being clearly otherwise" found in section 645.45 dictates that the term "action" takes on a different meaning in construing section 549.09. He claims that statute allows for prereport interest, and that because a "report" must be the result of arbitration, he is entitled to preaward interest. His counsel has failed to cite to us, and we have been unable to find, a reference to an arbitration decision ever being denominated a "report." Statutorily, an arbitration decision is denominated an award. *See* Minn.Stat. § 572.15 (1986). It is almost always referred to as an award as it was in the case at bar. Moreover "report," as previously indicated, has a specific technical meaning under our Minnesota Rules Civil Procedure.

Likewise a review of legislative history lends support to the conclusion that "action" as used in section 549.09 refers only to judicial proceedings. The engrossments of House File No. 559, the bill which ultimately became codified as section 549.09, show the statute was one "relating to courts." The statute throughout uses the word "clerk," "judge," and "judgment." When statutory words are not specifically defined, statutory canons of construction

(3) judgments for future damages;
(4) punitive damages, fines, or other damages that are noncompensatory in nature;
(5) judgments not in excess of the amount specified in section 487.30; and
(6) that portion of any *verdict* or *report* which is founded upon interest, or costs, disbursements, attorney fees, or other similar items added by the court.
(Emphasis supplied).

5. Minn.Stat. § 645.45 (1986) reads:

The following words and phrases, when used in any law enacted after the effective date of Laws 1941, ch. 492, section 45, unless the context clearly indicates otherwise, shall have the meanings ascribed to them in this section.

     *    *    *    *    *    *

(2) "Action" any proceeding in any court of this state.
Section 549.09 was enacted by the legislature on April 19, 1984. 1984 Minn.Laws, ch. 399 § 1.

require they be interpreted according to their common usage. *See* Minn.Stat. § 645.08(1) (1986). Words such as "judge" and "judgment" have no ordinary meaning other than as relative to judicial proceedings, and "clerk" is defined in the statute to mean "clerk of court." Minn.Stat. § 645.44, subd. 2 (1984).[6] We further note that in 1985 the legislature was presented with the opportunity to amend section 549.-09 by adding a provision permitting preaward interest in arbitration by Senate File No. 764 and House File No. 405. Neither bill received favorable consideration. By enacting section 549.09, the legislature for the first time created a right to recover prejudgment interest in instances where it had theretofore been unrecoverable. Whether the right so created should be expanded to include preaward interest in arbitration involves a policy decision within the legislative sphere.

Finally, our conclusion that an arbitration proceeding is not an "action" is buttressed by decisions in other jurisdictions. *See, e.g., Pathman Constr. Co. v. Knox County Hosp. Ass'n,* 164 Ind.App. 121, 136, 326 N.E.2d 844, 854 (1975) ("to broaden the scope of 'action' to include any dispute seems unrealistic"); *Board of Educ. of Poughkeepsie v. Luna Elec. Co.,* 40 A.D.2d 706, 706, 336 N.Y.S.2d 683, 684 (1972) ("an arbitration is not an action"); *Thorgaard Plumbing & Heating Co. v. County of King,* 71 Wash.2d 126, 131, 426 P.2d 828, 832–33 (1967) (An action is a court proceeding and an arbitration occurs outside of court); *City of Madison v. Frank Lloyd Wright Foundation,* 20 Wis.2d 361, 392, 122 N.W.2d 409, 421, (1963) (Arbitration is intended to be a substitute for court proceedings).

We conclude the plain meaning of Minn. Stat. § 549.09 compels a holding denying

**6.** The statute has since been amended to substitute the words "court administrator" for the word "clerk." *See* Minn.Stat. § 645.44, subd. 2 (1986).

**7.** Appellant raises other issues claiming that respondent failed to give written offers of settlement tolling liability for preaward interest, and

preaward interest on awards made by arbitrators. Consequently, we affirm.[7]

whether appellant is entitled to recover interest on the preaward interest pursuant to Minn.Stat. § 334.01 (1986) from the date the arbitration award was paid to the date of the final judgment in this action. Because we have held the preaward interest could not be collected under section 549.09, these issues have become moot.