In re the Arbitration of Judith **WISNIEWSKI, et al.,**
Appellants,

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Respondent.**

No. Cl–86–1493.

Supreme Court of Minnesota.

April 10, 1987.

---

Todd P. Young, St. Paul, for appellants.

Lawrence R. King, Shelley A. Simmering, St. Paul, for respondent.

KELLEY, Justice.

The main issue in this case is identical to the principal issue decided today in *Lucas v. American Family Mutual Insurance Co.*, 403 N.W.2d 646 (Minn.1987), to-wit: whether provisions of Minn.Stat. § 549.09 (1986) allowing recovery of prejudgment interest are applicable to awards made following arbitration. Following *Lucas,* we hold that section 549.09 does not permit recovery of preaward interest on arbitration awards.

While riding as a passenger in an automobile operated by her husband, appellant Judith Wisniewski was injured when the car came into collision with another. She and her husband brought an uninsured motorist arbitration proceeding against respondent State Farm Mutual Insurance Company (State Farm) pursuant to a clause contained in the insurance contract between herself and respondent. Ultimately, the arbitration panel made an award of $32,000. At the arbitration, although appellant requested prejudgment interest on the award, both parties apparently agreed

that the issue would be "deferred to the district court."

After the arbitrators made the award, appellants moved to modify the award pursuant to Minn.Stat. § 572.20 (1986). At a hearing on the motion, the trial court sustained State Farm's contention that preaward interest was not recoverable under section 549.09.[1] For the reasons set forth in *Lucas,* we affirm.[2]

---

1. Wisniewski appealed the trial court's order to the Minnesota Court of Appeals. That court certified the appeal to this court for accelerated review, and we accepted the transfer. *See* Minn.Stat. § 480.101 (1986).

2. The jurisdictional issue raised by this case regarding the district court's ability to modify an arbitration award to include preaward interest under Minn.Stat. § 572.20 (1986) is moot given our holding that Minn.Stat. § 549.09 (1986) does not apply to arbitration award.