Robert JENSEN, Respondent,

v.

## ILLINOIS FARMERS INSURANCE COMPANY, Appellant.

### No. C3-86-1883.

Court of Appeals of Minnesota.

May 5, 1987.

Peter W. Riley, DeParcq, Hunegs, Rudquist & Koenig, P.A., Minneapolis, for respondent.

Mary C. Cade, Louise A. Dovre, Rider, Bennett, Egan & Arundel, Minneapolis, for appellant.

Heard, considered and decided by POPOVICH, C.J., and CRIPPEN and STONE, JJ.*

## MEMORANDUM OPINION

POPOVICH, Chief Judge.

### FACTS

In August 1982, respondent Robert Jensen was severely injured when the motorcycle he was driving collided with a pick-up driven by Susan Rupp. Respondent filed suit against Rupp and the parties settled prior to trial. Because respondent's damages exceeded the settlement amount, respondent sent appellant Illinois Farmers Insurance Company, his insurance carrier, letters in June 1984 and July 1985 demanding arbitration of underinsured motorist benefits. Neither of these letters included a request for prejudgment interest.

At the arbitration hearing, however, respondent requested prejudgment interest in his demand for damages. The arbitrators awarded $140,000 and further allowed prejudgment interest from the date of the award. The arbitrators deferred to the district court the issue whether prejudgment interest prior to the award should be allowed.

The district court determined Minn.Stat. § 549.09, authorizing preverdicts and prereports interest, permits prearbitration awards interest. After remand, the arbitration panel unanimously determined arbitration was commenced by respondent's June 1984 letter. Because Minn.Stat. § 549.09

---

* Acting as judge of the court of appeals by appointment pursuant to Minn. Const. art. 6, § 2.

became effective July 1, 1984, the trial court awarded interest from that date. On appeal, this court ordered the matter stayed pending the Minnesota Supreme Court's disposition of whether Minn.Stat. § 549.09 applies to prearbitration awards.

## DECISION

■ 1. In *Hedlund v. Citizens Security Mutual Insurance Co.*, 377 N.W.2d 460 (Minn.Ct.App.1985), this court directed a request for prejudgment interest from the date of the arbitration award to its confirmation be included "as an item of damage in [the claimant's] *application* for arbitration." *Id.* at 464 (emphasis added). Appellant claims respondent's prejudgment interest request was untimely because it did not appear in either of respondent's two arbitration demand letters.

In *Wanschura v. Western National Mutual Insurance Co.*, 389 N.W.2d 927 (Minn. Ct.App.1986), *pet. for rev. denied*, (Minn. Aug. 27, 1986), decided a year later, however, we required a claimant need only submit a prejudgment interest request "to the arbitration panel." *Id.* at 928. Since respondent submitted his request in his demand for damages to the arbitration panel, his request was therefore timely. We affirm the trial court to the extent it awarded prejudgment interest between the date of the award and its confirmation.

■ 2. Minn.Stat. § 549.09, subd. 1(b) (1986) authorizes interest on preverdicts and prereports:

Except as otherwise provided by contract or allowed by law, *preverdict or prereport* interest on pecuniary damages shall be computed * * * from the time of the commencement of the *action*, * * * except as provided herein.

*Id.* (emphasis added).

Based on strict statutory interpretation, the Minnesota Supreme Court recently held Minn.Stat. § 549.09 does not apply to prearbitration awards. *Lucas v. American Family Mutual Insurance Co.*, 403 N.W.2d 646 (Minn.1987); *Wisniewski v. State Farm Mutual Automobile Insurance Co.*, 403 N.W.2d 651 (Minn.1987). We therefore reverse the trial court's grant of prejudgment interest prior to the arbitration award.

Affirmed in part and reversed in part.