**Jack D. BEHRENDT, et al., Appellants,**

v.

**Jennifer Lee VERGIN, et al.,**
**Respondents.**

**No. C4–88–1850.**

Court of Appeals of Minnesota.

Feb. 21, 1989.
Review Denied April 19, 1989.

Peter H. Berge, Schwebel, Goetz & Sieben, P.A., Minneapolis, for appellants.

Jill Doescher, The Law Office of Jill Doescher, Minneapolis, for respondents.

Heard, considered and decided by SCHUMACHER, P.J., and PARKER and SHORT, JJ.

## OPINION

SHORT, Judge.

On appeal from a denial of prejudgment interest, appellants argue (1) that the trial court erred in refusing to award pre-award interest where the arbitration proceeding was mandated under local court rules, and (2) that the trial court made a clerical error in omitting post award interest. We disagree.

### FACTS

On February 3, 1988, this personal injury action was submitted to arbitration pursuant to Rule 5 of the Special Rules of Civil Practice, Fourth Judicial District. In their complaint, appellants requested damages including costs and interest. On February 4, the arbitrator issued an award of $15,000 for appellants in full settlement of all claims submitted for arbitration. The award specifically stated that no costs were awarded.

Neither party appealed the arbitrator's award by requesting a trial de novo under Rule 5.12 of the Special Rules of Civil Practice, Fourth Judicial District. After the expiration of 20 days from the filing of the award, the court administrator entered the award as a judgment. *See* Special R.Civ.Practice, Fourth Judicial Dist. 5.11(c).

On April 13, appellants submitted a Bill of Costs and Disbursements and Notice of Taxation requesting both prejudgment and

postjudgment interest. On April 26 respondents mailed appellants a draft in the amount of $15,000 to satisfy the judgment. This draft was retained, but not cashed, by appellants' counsel. On May 2, the Court Administrator disallowed prejudgment interest, but allowed postjudgment interest in the amount of $286.02 ($3.29 per day from the day after judgment until May 2). Appellants immediately made a motion to the trial court for an order awarding prejudgment interest. On July 15, the trial court denied appellants' request. Judgment of $15,000 was entered.

### ISSUES

I. Does Minn.Stat. § 549.09, subd. 1(b) (1988) providing prejudgment interest apply to a district court case that is mandated to arbitration under the local court rules?

II. Did the trial court inadvertently omit postjudgment interest?

### ANALYSIS

Interest on verdicts and judgments is governed by Minn.Stat. § 549.09 (1988). The statute allows three kinds of interest: (a) interest from the time of the commencement of the action until the time of verdict; (b) interest from the time of the verdict until the time of judgment; and (c) interest on the unpaid balance of a judgment from the time it is entered until the judgment is paid.

### I.

■ It is well established that prejudgment interest under Minn.Stat. § 549.09 runs only from the commencement of a judicial proceeding. *See Lucas v. American Family Mutual Insurance Co.*, 403 N.W.2d 646, 650 (Minn.1987). Historically, a proceeding in arbitration has not been deemed a judicial proceeding. *See, e.g., McDonald v. City of West Branch*, 466 U.S. 284, 288, 104 S.Ct. 1799, 1802, 80 L.Ed.2d 302 (1984); *National Indemnity Co. v. Farm Bureau Mutual Insurance*, 348 N.W.2d 748, 751 (Minn.1984). Thus, a party cannot recover pre-award interest on arbitration awards under Minn.Stat.

§ 549.09. *See Wisniewski v. State Farm Mutual Automobile Insurance Co.*, 403 N.W.2d 651, 652 (Minn.1987).

■ Appellants argue that this rule does not apply to the instant case because the arbitration proceeding here was part of a system of mandatory arbitration for civil cases in the Fourth Judicial District. Appellants contend that because arbitration is ordered by and under the exclusive jurisdiction of the trial court, it is really an "action," and as such appellants are entitled to prejudgment interest pursuant to Minn. Stat. § 549.09. We disagree for four reasons.

First, merely because the district court can mandate certain types of cases to arbitration does not convert those cases decided by an arbitrator into an action. Unlike an action, proceedings under Minn.Stat. § 484.73, subd. 1 (1988): (1) are heard by an arbitrator, (2) are usually decided without findings of facts or conclusions of law, (3) are not subject to a strict application of the rules of evidence, and (4) include requests for costs and disbursements at the time of the initial hearing. *See* Special R.Civ.Practice, Fourth Judicial Dist. 5.04, 5.09 and 5.11(a). Several indicia of an action are lacking in an arbitration.

Second, while appellants commenced an action by service of the summons and complaint (Minn.R.Civ.P. 3), they did not complete it in the manner contemplated by the prejudgment interest statute, *viz.*, trial and decision by a judge or jury. The statute would not have entitled appellants to interest had they settled with respondents short of trial. Similarly, appellants are not within the scope of the prejudgment interest statute because they elected to conclude their action short of trial. Appellants were entitled to a de novo judicial proceeding if they were dissatisfied with the arbitration results. Special R.Civ.Practice, Fourth Judicial Dist. 5.12.

Third, the Minnesota Supreme Court has held that the word "action" in Minn.Stat. § 549.09, subd. 1(b) refers only to judicial proceedings and not to arbitrations. *Lucas*, 403 N.W.2d at 650. While the court

made no distinction between voluntary and mandatory arbitrations, there is a presumption against awarding prejudgment interest on all arbitration awards. The lack of detailed findings and conclusions typical of arbitration decisions increases the difficulty of determining whether the arbitrator included pre-award interest in the award amount. The presumption against interest protects against a double interest award.

Fourth, the legislature in 1985 was presented with the opportunity to amend Minn.Stat. § 549.09 to permit pre-award interest in arbitration. *See* S.F. 285, 74th Leg. (1985); H.F. 405, 74th Leg. (1985). Neither bill was passed, and there has been no legislative action on this statute to date. We believe that expansion of the prejudgment interest rule must be made by the legislature.

Given the inherent nature of arbitration proceedings, the pretrial conclusion of appellants' action, the presumption against prejudgment interest as articulated in *Lucas*, and legislative intent, we decline to create an exception in this case. Appellants are not entitled to prejudgment interest under Minn.Stat. § 549.09 on the arbitrator's award.

## II.

Appellants also argue that the trial court made a clerical error by omitting the post award interest amount allowed by the court administrator. However, this argument is without support in either the record or the law. Appellants' complaint requested interest, and the arbitrator awarded $15,000 in full settlement of their claims. The court administrator allowed 8 percent interest calculated from the day after judgment until the day of the hearing on respondents' objections to appellants' claim for costs, and this matter was briefed and argued to the trial court. The trial court rejected any award of costs or interest and affirmed the arbitrator's award. There is no evidence that the trial court made a clerical error and there is ample legal support for deciding in favor of the finality and validity of an arbitration award. *See National Indemnity Co. v. Farm Bureau*

*Mutual Insurance Co.*, 348 N.W.2d 748, 750 (Minn.1984); *Wanschura v. Western National Mutual Insurance Co.*, 389 N.W.2d 927, 928 (Minn.Ct.App.1986), *pet for rev. denied* (August 27, 1986).

## DECISION

The prejudgment interest provisions of Minn.Stat. § 549.09, subd. 1(b) do not apply to nonbinding arbitration proceedings under Minn.Stat. § 484.73. The trial court did not err in affirming the arbitrator's award of $15,000 to appellants.

AFFIRMED.