**GRINNELL MUTUAL REINSURANCE COMPANY, Respondent,**

v.

**Melinda ARENS, Appellant.**

**No. CX–91–924.**

Court of Appeals of Minnesota.

Dec. 17, 1991.

Rehearing Granted Jan. 21, 1992.

Noel L. Phifer, Gislason, Dosland, Hunter & Malecki, New Ulm, for respondent.

Mark A. Karney, Leighton, Karney, Crabtree, Roseville, for appellant.

Considered and decided by KALITOWSKI, P.J., FORSBERG and SCHUMACHER, JJ.

## OPINION

FORSBERG, Judge.

Melinda Arens appeals from a grant of summary judgment to respondent Grinnell Mutual Reinsurance Company, in which the trial court determined Aren's claims for no-fault benefits are not subject to mandatory arbitration because they are in excess of $5,000. *See* Minn.Stat. § 65B.525, subd. 1 (1990). We affirm.

## FACTS

On June 16, 1990, Arens was involved in an automobile accident. She claims she sustained injuries to her neck and back, and has been unable to work and has had no income since the accident.

At the time of the accident, Arens was insured under a no-fault automobile insurance policy issued by Grinnell. Following Grinnell's refusal to pay her medical expenses and income loss, Arens filed two petitions for mandatory arbitration to the American Arbitration Association (AAA). One petition claims past and ongoing medical/chiropractic care in the amount of $1,583. The other petition claims wage loss for 18 weeks and continuing in the amount of $4,500.

Grinnell thereafter brought this action, alleging it is not subject to mandatory arbitration because Arens' claims are in excess of $5,000. This appeal followed the trial court's grant of summary judgment to Grinnell, and its denial of summary judgment to Arens.

## ISSUE

Did the trial court err in determining an insurer need not submit to mandatory arbitration where the aggregate amount of an insured's claims for no-fault benefits is greater than $5,000?

## ANALYSIS

On appeal from a grant of summary judgment, this court must determine whether any issues of material fact exist or whether the trial court erred in its application of the law. *Betlach v. Wayzata Condominium*, 281 N.W.2d 328, 330 (Minn. 1979). The facts in this case are undisputed. We need determine only whether the trial court erred in interpreting and applying the law.

This case involves Minn.Stat. § 65B.525, subd. 1 (1990), which provides for the mandatory submission to binding arbitration of all cases at issue where the claim at the commencement of arbitration is in an amount of $5,000 or less against any insured's reparation obligor for no-fault benefits * * *.

Grinnell argues this statute requires the entire amount in controversy to be less than $5,000, while Arens insists she may submit separate claims for benefits as long as each is less than $5,000. Where a statute is ambiguous and open to at least two interpretations, we must construe the statute to ascertain legislative intent. *Mattson v. Flynn*, 216 Minn. 354, 357–58, 13 N.W.2d 11, 14 (1944).

Examination of amendments to a statute often assists in ascertaining legislative intent. Prior to 1987, the statute at issue here merely provided for mandatory arbitration of all cases "where *a claim* in the amount of $5,000.00 or less is made." Minn.Stat. § 65B.525, subd. 1 (Supp.1987) (emphasis added). In 1987, the statute was amended to state it provides for mandatory arbitration "where *the claim* at the commencement of the arbitration" is $5,000 or less. 1987 Minn.Laws ch. 337, § 108 (em-

phasis added). By substituting the phrase "the claim" for "a claim," we believe the 1987 legislature evidenced its intent that the total or aggregate claim must be $5000 or less to invoke mandatory arbitration.

This interpretation of the amendment is consistent with the rules promulgated by the Minnesota Supreme Court to assist the AAA. Prior to 1987, rule 7 stated that "mandatory arbitration applies to all claims in the amount of $5,000 or less." Rules of Procedure for No–Fault Arbitration, 7 (1986). With the legislature's 1987 amendment to Minn.Stat. § 65B.525, subd. 1, the supreme court amended rule 7 to specify that jurisdiction is determined by the total amount of the claim at the commencement of arbitration is in an amount of $5,000 or less. No–Fault, Comprehensive or Collision Damage Automobile Insurance Arbitration Rule, 7 (1988).

Examination of the stated purposes of the no-fault act and of the policies behind arbitration further assists in ascertaining legislative intent in this case. Among the pertinent purposes of the no-fault act are encouraging appropriate medical and rehabilitation treatment by assuring prompt payment for such treatment; speeding the administration of justice; easing the burden of litigation on the courts; and creating a system of small claims arbitration to decrease the expense of and simplify litigation. Minn.Stat. § 65B.42(3) and (4) (1990).

Arens insists several of these purposes are frustrated by Grinnell's refusal to arbitrate her claims. Rather than speedy resolution through binding arbitration, she argues she must await the outcome of time consuming and expensive district court litigation. However, we agree with Grinnell that acceptance of Arens' position would actually be contrary to the purposes of the no-fault act because it would encourage multiple hearings in multiple forums, increase the costs to the parties, and unnecessarily extend the time consumed in resolving the controversy.

Arens emphasizes arbitrations are not judicial proceedings and do not have the same constraints which bind a court in a judicial action. *Cf. Lucas v. Am. Family Mut. Ins. Co.*, 403 N.W.2d 646, 650–51 (Minn.1987) (arbitration proceeding not an "action" so as to allow recovery of prearbitration award interest under Minn.Stat. § 549.09 (1986), the statute providing for prejudgment interest). However, we do not believe Minn.Stat. § 65B.525, subd. 1 carves out an exception to the general judicial rule against splitting causes of action. Allowing an insured to split her claim may operate to defeat the goal of the promotion of judicial economy through the efficient use of arbitration.

## DECISION

Grinnell need not submit to mandatory arbitration because the aggregate of Arens' claims for no-fault benefits exceeds $5000. The trial court's grant of summary judgment to Grinnell is therefore affirmed.

Affirmed.