TERRYL LYNN EHLERT, A MINOR, BY MELVIN E. EHLERT, HER FATHER AND NATURAL GUARDIAN, AND ANOTHER v. WESTERN NATIONAL MUTUAL INSURANCE COMPANY.

207 N. W. 2d 334.

May 11, 1973—No. 43665.

196

*Cummins, Gislason, Sheahan, Joyce & McHaffie, Richard T. McHaffie,* and *David W. Nord,* for appellant.

*DeParcq, Anderson, Perl & Hunegs* and *James R. Schwebel,* for respondents.

*Rider, Bennett, Egan, Johnson & Arundel, David F. Fitzgerald,* and *Wright S. Walling,* for Farmers Insurance Group of Los Angeles and United States Fidelity & Guaranty Company, amici curiae.

KNUTSON, CHIEF JUSTICE.

This is an appeal from a judgment of the district court confirming an arbitration award.

We have been supplied with no record, so the facts are taken from the briefs of the parties. There seems to be no dispute as to the relevant facts.

Terryl Lynn Ehlert is a daughter of Melvin E. Ehlert and resided in his household. On July 11, 1970, Terryl Lynn was a passenger in an automobile owned by Harry Hanson and operated by Michelle Ehlert when the automobile left the road and collided with a tree, causing serious injuries to Terryl Lynn.

The Hanson automobile was insured by Auto Owners Insurance Company. The insurer denied coverage on the grounds that Michelle Ehlert did not have the requisite permission of the named insured. This brought into play the uninsured-motorist coverage provisions in separate endorsements under a policy owned by Melvin E. Ehlert. He was the owner of three cars, each of which was insured by Western National Mutual Insurance

Company (hereinafter Western) under separate endorsements in a policy containing uninsured-motorist coverage.

Ehlert demanded arbitration pursuant to provisions in the policy. Western moved to stay the arbitration until legal issues involved could be determined, which motion was denied by the district court. Ehlert's motion that the parties proceed with arbitration was granted. Thereafter, the arbitrator proceeded with the arbitration and on October 14, 1971, found in favor of Ehlert, awarding damages in the total amount of $26,533.50 as the amount due under the uninsured-motorist coverage of the endorsements issued by Western. No appeal was taken from the award of the arbitrator. On January 18, 1972, Ehlert moved, pursuant to Minn. St. 572.18 and 572.21, for an order confirming the arbitration award and for the entry of judgment in accordance therewith. The motion was granted by a judge of the district court on February 3, 1972, and judgment was entered on February 15. Western appeals from that judgment.

While we have no record of the proceedings before the arbitrator, it is apparent that one of the issues submitted to arbitration by both sides of the case was whether Ehlert was entitled to recovery under all three endorsements or was limited to recovery in the amount of $10,000. The arbitrator determined Ehlert could recover under all three endorsements, which is in harmony with our decisions in Van Tassel v. Horace Mann Mutual Ins. Co. 296 Minn. 181, 207 N. W. 2d 348 (1973) and In re Pleitgen v. Farmers Ins. Exchange, 296 Minn. 191, 207 N. W. 2d 535 (1973), which are being released at the same time as this opinion.

Assuming the question could have been brought before this court at this time, the legal issue as to whether Western is liable to the full extent of damages within the limits of the three endorsements has been decided in Van Tassel and Pleitgen. We are satisfied, therefore, that the only question before us in this case is the finality of the award of the arbitrator. For the purposes of this appeal it must be assumed that Hanson was an uninsured

motorist within the meaning of the policy issued to Ehlert.[1]

There can be little doubt that the parties both submitted to the arbitrator the question whether recovery could be had under all three endorsements or whether it is limited to the coverage in one. In other words, the question of so-called "stacking" of the endorsements was submitted and was determined by the arbitrator. Each party submitted a lengthy memorandum of the law after the controversy had been heard by the arbitrator. In the first paragraph of its memorandum, Western states:

"The question for the Arbitrator to consider at the present time is whether or not the injured party, Terryl Lynn Ehlert, is entitled to more than $10,000.00 protection under the uninsured motorist provisions of the insurance policy purchased by her father with the Western National Mutual Insurance Company. The policy was issued with three declaration sheets individually insuring three separate motor vehicles. On each of the declaration sheets, the coverage calls for $10,000.00 maximum for any one person under the uninsured motorist provisions of the policy."

In its brief here, Western does not discuss the finality of the arbitrator's award. Its brief is limited solely to the applicable insurance law. There is no record showing that at the district court level Western opposed the motion for arbitration on the ground that the question was not arbitrable. The only motion made there was for a stay of arbitration until other legal issues could be determined by the court. When that motion was denied, both parties proceeded with the arbitration. Under these circumstances, if for no other reason, Western has waived the right to question now the arbitrability of the questions which it seeks to discuss here. See, Annotation, 33 A. L. R. 3d 1242.

---

[1] The policy defines an "uninsured highway vehicle" to include a vehicle for which there is an insurance policy "applicable at the time of the accident but the company writing the same denies coverage thereunder."

Minnesota has consistently looked on arbitration as a proceeding favored in the law. 2 Dunnell, Dig. (3 ed.) § 487. Minnesota became the first state to adopt the Uniform Arbitration Act, presently codified as Minn. St. 572.08 to 572.30. See, 9 U. L. A. p. 76.

In Cournoyer v. American Television & Radio Co. 249 Minn. 577, 580, 83 N. W. 2d 409, 411 (1957), we said:

"* * * [I]t is well to bear in mind the general rule that an arbitrator, in the absence of any agreement limiting his authority, is the final judge of both law and fact, including the interpretation of the terms of any contract, and his award will not be reviewed or set aside for mistake of either law or fact in the absence of fraud, mistake in applying his own theory, misconduct, or other disregard of duty. An award will not be set aside merely because the court thinks the arbitrators erred either as to the law or the facts. If the rule were otherwise, arbitration proceedings, instead of facilitating the settlement of controversies, would serve but to delay the final determination of the rights of the parties. Mistake which justifies the setting aside of an arbitration award refers to a situation where the arbitrators have not correctly applied their own theory, rule, or formula which they intended to apply, so that a mistake was made which brings about a result not in accord with their own reasoning and judgment. A fatal mistake may, for example, be in the form of a mathematical error."

This rule was cited with approval in Fischer v. Guaranteed Concrete Co. 276 Minn. 510, 151 N. W. 2d 266 (1967).

Minn. St. 572.19, subd. 1, and 572.20, subd. 1, contain the provisions permitting vacation of an arbitration award. None of the grounds specified apply here, and Western has commenced no action under these statutory provisions to vacate the arbitrator's award. Under these circumstances, the court correctly entered judgment confirming the award, and the parties are now bound by that decision.

Affirmed.