228 N.W.2d 239 (1975)
INTERNATIONAL UNION OF ELECTRICAL AND MACHINE WORKERS OF AMERICA, LOCAL NO. 1140, Respondent,
v.
PORTEC, INC., etc., Appellant.
No. 44524.
Supreme Court of Minnesota.
March 28, 1975.
*240 Dorsey, Marquart, Windhorst, West & Halladay and John C. Zwakman and William E. Martin, Minneapolis, for appellant.
Helgesen, Peterson, Engberg & Spector, Francis X. Helgesen and Robert J. Tennessen, Minneapolis, for respondent.
Heard before SHERAN, C. J., and ROGOSHESKE, PETERSON, MacLAUGHLIN and SCOTT, JJ., and considered and decided by the court en banc.
SHERAN, Chief Justice.
This is a proceeding commenced upon motion of the International Union of Electrical and Machine Workers of America, Local No. 1140 (hereinafter "the Union"), to modify an arbitrator's award ordering a discharged employee reinstated without backpay on the ground that the arbitrator had awarded upon a matter not submitted to him.[1] After hearing, upon the affidavits and oral arguments of the parties, the trial court granted the Union's motion and ordered that the sentence relating to backpay be stricken from the arbitrator's award.
*241 The employer has appealed from that order.[2]
On August 15, 1972, Portec, Inc., Pioneer Division (hereinafter "Portec") discharged Donald J. Krob, an employee in the crusher department, for napping in the employees' lunch area during his work shift. The Union instituted the grievance procedure provided by the parties' collective bargaining agreement.
When the grievance procedure failed to resolve the dispute, the Union demanded that it be submitted to binding arbitration pursuant to the provisions of the collective bargaining agreement.[3] The parties failed to enter into a written agreement framing the issue or issues to be submitted to arbitration. At the outset of the hearing, however, the arbitrator orally stated the issues which he believed to be before him, as follows:
"Was the termination of Donald Krob by the Company on or about August 15, 1972, for just cause? If not, what is the remedy?"
Whether the parties in any way indicated agreement with this statement of the issues is in dispute. Taking the evidence in the light most favorable to the Union, however, it is clear that its representatives made no express objection to the arbitrator's statement.
After a lengthy and thorough hearing, the arbitrator found that Krob had committed the offense but that the penalty of discharge was "unduly harsh and unreasonable" and, hence, "not for just cause." The arbitrator also found, however, that Krob's conduct did justify an "immediate and substantial penalty." Consequently, the arbitrator awarded that Krob be reinstated to his job but without backpay.
The Union argues, as it did in the trial court, that the arbitrator exceeded his authority in awarding upon the issue of backpay. It relies upon the following language found in the collective bargaining agreement:
"* * * The arbitrator shall not have the right to amend, take away, add to, or change any of the provisions of this Agreement. If the arbitrator finds an employee has been discharged without cause, he shall be reinstated and paid for all time lost."
The trial court agreed, and modified the arbitrator's award by ordering that the language relating to backpay be stricken. We reverse.
The district court's power to vacate or modify an arbitrator's award is purely statutory. Minn.St. 572.20, subd. 1, provides that the court shall modify or correct an award where:
"(1) There was an evident miscalculation of figures or an evident mistake in the description of any person, thing or property referred to in the award;
"(2) The arbitrators have awarded upon a matter not submitted to them and the award may be corrected without affecting the merits of the decision upon the issues submitted; or
"(3) The award is imperfect in a matter of form, not affecting the merits of the controversy."
The Union expressly based its application for modification upon clause (2) of this subdivision.
*242 Assuming without deciding that the issue of backpay was not in fact, or under the terms of the collective bargaining agreement could not have been, submitted by the parties, we are convinced that the award cannot be modified without affecting the merits of the decision upon the reinstatement issue. That both of these statutory prerequisites must be met before the district court may modify an award pursuant to clause (2) is clear. Any doubt that the word "and" is used in a conjunctive sense may be dispelled by referring to the legislative history of § 572.20, subd. 1(2). Prior to 1957, the predecessor of clause (2)[4] provided as follows:
"(2) Where the arbitrators have awarded upon a matter not submitted to them, or not affecting the merits of the decision upon any matter submitted;" (Italics supplied.)
We must presume that the legislature in changing "or" to "and" intended to effect a change in meaning. See, § 645.17(2).
In applying the statutory language to the facts to determine whether the modification made by the trial court affects the decision on the reinstatement issue, we keep in mind the maxim that the law holds arbitration in favor and the rule that portions of the Uniform Arbitration Act which authorize judicial interference with the arbitrator's decision are to be strictly construed. See, Ehlert v. Western Nat. Mutual Ins. Co., 296 Minn. 195, 207 N.W.2d 334 (1973); Fischer v. Guaranteed Concrete Co., 276 Minn. 510, 151 N.W.2d 266 (1967); Layne-Minnesota Co. v. Regents of the University of Minnesota, 266 Minn. 284, 123 N.W.2d 371 (1963); Cournoyer v. American Television & Radio Co., 249 Minn. 577, 83 N.W.2d 409 (1957). Viewed in this light, it is apparent that the trial court's modification order affected the merits of the reinstatement decision. In his affidavit submitted to the trial court, the arbitrator stated:
"* * * If I had been led to believe by the Union at the arbitration hearing that Mr. Krob would automatically be entitled to full backpay if I decided he was not discharged for just cause, it is conceivable that my Award would not have reinstated Mr. Krob. That is, I may have decided that Mr. Krob was discharged for just cause or I may have fashioned some other remedy. It was my definite opinion in considering the Krob case that Mr. Krob's conduct was of such magnitude that it would be unjust and unfair to require Portec to pay full pay for the time during which Mr. Krob did not work. That is why I specifically found in my Award that Mr. Krob was to be reinstated without backpay.
"If the Court were to modify my Award so as to require Portec to pay full backpay to Mr. Krob, that modification would, in my opinion, definitely affect the merits of my consideration of the entire case. As I have stated herein, I was of the opinion that it would have been unfair and unjust to require Portec to pay Mr. Krob full backpay for the period of time he did not work.

"If the parties had pointed out that my jurisdiction on the remedy was limited by the Agreement, it is conceivable I would have fashioned another remedy which would have accomplished my objective of not allowing Mr. Krob to recover full pay for the period of time he did not work." (Italics supplied.)
The Union has not questioned, either in this court or in the court below, the truth and accuracy of this sworn statement by the arbitrator. We hold that under these circumstances the trial court exceeded the authority granted it by § 572.20, subd. 1(2), in modifying the award as it did.
Our holding requires reversal. Neither of the other two clauses of § 572.20, subd. 1, forms a sufficient basis for the modification ordered by the trial court. *243 Both are limited on their face to technical errors and irregularities in the award which do not affect the merits.
An appropriate mechanism exists for raising the issues the Union seeks to have judicially reviewed. Minn.St. 572.19, subd. 1(3), requires the district court to vacate an arbitrator's award where the arbitrator has exceeded his powers. Though § 572.20, subd. 3, expressly provides that an application to vacate an award may be joined in the alternative with an application to modify or correct the award, the Union sought modification only. Apparently it did not wish to risk Mr. Krob's reinstatement in order to secure his backpay. Consequently, we expressly decline to reach the issues of whether the backpay question was arbitrable and whether it was submitted to arbitration. Though briefed and argued by the parties, these issues are raised prematurely on appeal from this modification order. If the Union applies to the court for an order vacating the arbitrator's award and submits to a rehearing before the arbitrator as authorized by statute,[5] it will have an opportunity to secure review of any issues of arbitrability not resolved to its satisfaction. Until then, decision of the question would be premature.
Reversed.
NOTES
[1] The motion was made pursuant to Minn.St. 572.20, subd. 1(2), and 572.23. The Uniform Arbitration Act, Minn.St. c. 572, provides a system of limited judicial review of the decisions rendered by an arbitrator pursuant to a binding arbitration agreement.
[2] Such an order is appealable in the same manner as an order in a civil action. Minn.St. 572.26.
[3] The arbitration clause of the collective bargaining agreement provides in relevant part: "Section 4. All matters not resolved under the foregoing procedure shall, at the request of either party, be promptly submitted for arbitration * * *. The decision of the arbitrator shall be final and binding on both parties. * * * The arbitrator shall consider and decide only the particular issue or issues presented to him by the Company and the Union. The arbitrator shall not have the right to amend, take away, add to, or change any of the provisions of this Agreement. If the arbitrator finds an employee has been discharged without cause, he shall be reinstated and paid for all time lost."
[4] Prior to 1957 this provision was numbered Minn.St.1953, § 572.06(2). It was repealed when Minnesota adopted the Uniform Arbitration Act in 1957. See, L.1957, c. 633.
[5] See Minn.St. 572.19, subd. 3. See, also, § 572.26, subd. 1(5).