CROSBY–IRONTON FEDERATION OF
TEACHERS, LOCAL 1325, Appellant,

v.

INDEPENDENT SCHOOL DISTRICT
NO. 182, CROSBY–IRONTON,
Minnesota, Respondent.

No. 49355.

Supreme Court of Minnesota.

Oct. 12, 1979.

Peterson Engberg & Peterson, Roger A.
Peterson and Bruce P. Grostephan, Minne-
apolis, for appellant.

Fitzpatrick, Larson & Fitzpatrick and Thomas A. Fitzpatrick, Brainerd, for respondent.

Peterson, Popovich, Knutson & Flynn, Peter S. Popovich and Patricia A. Maloney, Minnesota School Boards Ass'n, St. Paul, amicus curiae.

Heard before TODD, YETKA and SCOTT, JJ., and considered and decided by the court en banc.

YETKA, Justice.

An arbitrator issued an arbitration award arising out of a contract dispute between the parties. Three days later, after being unilaterally contacted by one of the parties, the arbitrator attempted to change the award by letter. The Ninth Judicial District Court granted defendant's motion to vacate the amendment made in the arbitrator's letter and denied plaintiff's motion to enjoin defendant from refusing to comply with the award as corrected. Plaintiff then filed a motion to resubmit the matter to the arbitrator. The motion was denied, and plaintiff appealed from that order.

The legal issues raised are:

1. Under Minn.Stat. § 572.16 (1978), did the trial court properly refuse to resubmit this matter to the arbitrator for correction and/or clarification?

2. Was plaintiff's motion to resubmit the matter to the arbitrator timely?

In 1977 the Crosby-Ironton Federation of Teachers Local 1325 (Federation) and Independent School District No. 182, Crosby-Ironton (School District) were unable to reach complete agreement in their contract negotiations. The issues of elementary preparation time and salaries for 1977–78 and 1978–79 were submitted to interest arbitration pursuant to the Public Employment Labor Relations Act of 1971 (PELRA), Minn.Stat. §§ 179.61–.76 (1978).

The arbitrator selected was Steven R. Rutzick. The School District was represented by Thomas A. Fitzpatrick, an attorney, while the Federation was represented by Edward Bolstad, a nonlawyer and Executive Secretary of the Minnesota Federation of Teachers.

The award was issued by Mr. Rutzick on February 6, 1978. It awarded the teachers a $550 salary increase for 1977–78 and a $600 increase for 1978–79. For 1978–79, the award provided as examples that step O for a teacher with a B.A. degree would be $10,350/year and step 12 $15,150/year; these examples were based upon a $600 increase. Therefore, there was nothing on the face of the award to indicate that a mistake in the monetary award had been made. In addition, the $600 figure was within one percent of the average settlements for school districts of similar size throughout Minnesota.

Sometime between February 6 and February 9, Mr. Bolstad called Mr. Rutzick, who was not in at that time but later returned the call. According to Mr. Bolstad, the purpose of his call was to discuss Mr. Rutzick's statement in the award that it was not within his power as an arbitrator to do something which should clearly be done at the bargaining table. During the phone conversation, however, Mr. Rutzick mentioned $550 and $650 salary increases, and Mr. Bolstad replied that the 1978–79 increase was only $600. The arbitrator immediately examined his award, told Mr. Bolstad he had made an error, and stated that he would correct it.

On February 9, 1978, Mr. Rutzick sent a letter to the parties stating that he had discovered a "typographical error" in the award, and the 1978–79 salary increase should be $650. Later Mr. Rutzick admitted that the error was actually made when he dictated the award. Neither party had made any formal application to the arbitrator to modify or correct the award.

Both Mr. Bolstad and Mr. Rutzick testified that it is common practice for a party to complain to an arbitrator about an award. Mr. Rutzick maintained that he was not pressured by Mr. Bolstad's call and would have taken the same action had he discovered the mistake by himself. Mr. Bolstad admitted, however, that the Minnesota Federation of Teachers keeps books on

arbitrators and their tendencies for use in future arbitrator selections.

█ The Federation filed a motion to enjoin the School District from refusing to comply with the award as corrected. The School District then filed a motion to vacate the correction of February 9. The judge granted the School District's motion and denied the Federation's motion in an order dated June 28, 1978. Within 20 days, on July 14, 1978, the Federation moved the court to resubmit the matter to Arbitrator Rutzick. The judge denied the motion on August 28, and the Federation appealed from that order on September 8, 1978.[1]

It is well settled that statutory arbitration must comply with the requirements of the governing statute. *Boston Insurance Co. v. A. H. Jacobson Co.*, 226 Minn. 479, 482, 33 N.W.2d 602, 604 (1948). The Uniform Arbitration Act, Minn.Stat. ch. 572 (1978), governs the procedural aspects of interest arbitration under PELRA. *City of Richfield v. Local 1215, International Association of Fire Fighters*, 276 N.W.2d 42, 50 (Minn.1979); *State v. Berthiaume*, 259 N.W.2d 904 (Minn.1977). The applicable sections of the Uniform Arbitration Act in this case are as follows:

572.16 CHANGE OF AWARD BY ARBITRATORS. On application of a party or, if an application to the court is pending under sections 572.18, 572.19, or 572.20, on submission to the arbitrators by the court under such conditions as the court may order, the arbitrators may modify or correct the award upon the grounds stated in clauses (1) and (3) of Subdivision 1, section 572.20, or for the purpose of clarifying the award. The application shall be made within twenty days after delivery of the award to the applicant. Written notice thereof shall be given forthwith to the opposing party, stating he must serve his objections thereto, if any, within ten days from the notice. The award so modified or corrected is subject to the provisions of sections 572.18, 572.19 and 572.20.

572.20 MODIFICATION OR CORRECTION OF AWARD. Subdivision 1. Upon application made within ninety days after delivery of a copy of the award to the applicant, the court shall modify or correct the award where:

(1) There was an evident miscalculation of figures or an evident mistake in the description of any person, thing or property referred to in the award;

\* \* \* \* \* \*

(3) The award is imperfect in a matter of form, not affecting the merits of the controversy.

Minn.Stat. §§ 572.16, 572.20, subd. 1(1), (3) (1978).

█ The correction sought in this case, from a $600 salary increase to $650, does affect the merits of the controversy and is not just a matter of form. Therefore, the trial court clearly could not have ordered the arbitrator to modify the award under Minn.Stat. §§ 572.20, subd. 1(3) and 572.16 (1978). The only arguable grounds for resubmission here were that the award contained an evident miscalculation or mistake in description or was in need of clarification. Minn.Stat. §§ 572.16, 572.20, subd. 1(1) (1978). We need not decide whether any of these grounds for resubmission existed under the facts of this case because, regardless of the grounds, the application for resubmission must be timely made. Here it was not.

█ The general policy of Minnesota is to encourage arbitration as a speedy, informal, and relatively inexpensive procedure for resolving controversies arising out of commercial transactions. *Grover-Dimond Associates, Inc. v. American Arbitration Association*, 297 Minn. 324, 327, 211 N.W.2d 787, 788 (1973). Accordingly, section 572.16 requires that an application for resubmission be made within 20 days after delivery of the award to the applicant. The Federation's application was made on July 14,

1. This order is appealable because it is essentially "[a]n order vacating an award without directing a rehearing." Minn.Stat. § 572.26, subd. 1(5) (1978). The appeal, having been made within 30 days, is timely. Minn.R.Civ. App.P. 104.01.

1978, clearly not within 20 days of February 6, 1978. However, it was made within 20 days of the June 28 order which vacated the correction by letter.

Under a different section of the Uniform Arbitration Act, section 572.19, this court has strictly enforced the 90-day time limit for applications to vacate an award. In three recent cases, the court has confirmed awards where the parties did not apply for vacation within 90 days. *Wacker v. Allstate Insurance Co.,* 312 Minn. 242, 251 N.W.2d 346 (1977); *Component Systems, Inc. v. Murray Enterprises of Minnesota, Inc.,* 300 Minn. 21, 217 N.W.2d 514 (1974); *Ehlert v. Western National Mutual Insurance Co.,* 296 Minn. 195, 207 N.W.2d 334 (1973).

The California court has strictly enforced the time limit contained in its version of section 572.16. *Banks v. Milwaukee Insurance Co.,* 247 Cal.App.2d 34, 55 Cal.Rptr. 139 (1966). The California statute required that both the application for correction by the arbitrator and the correction itself be completed within 30 days. Where the correction was not completed until more than 60 days after service of the award, the correction was held not timely. In accordance with these precedents and the general policy of arbitration to promote speedy resolutions, we hold that the legislature intended that the 20-day limit be strictly construed.

The Federation argues that it did not know if a resubmission to the arbitrator was necessary until the judge vacated the letter correction. Then the Federation did file an application for resubmission within 20 days of the judge's order. The Federation claims that its actions were consistent with *International Union of Electrical and Machine Workers, Local 1140 v. Portec, Inc.,* 303 Minn. 341, 228 N.W.2d 239 (1975). In that case, the union applied to the trial court for a modification or correction pursuant to section 572.20, which the trial court granted. This court reversed and suggested that the union seek vacation of the award and a rehearing. The court did not mention any time limit problems with this suggested procedure. In this case, however, the Federation could have filed a formal application with Arbitrator Rutzick within 20 days of February 6, but it did not. It chose the procedure to follow, not the trial court, and took the risks involved.

■ The parties, at oral argument and in their briefs, make much of the procedure to be followed by the parties in arbitration matters. Respondent claims lack of due process by reason of the *ex parte* contacts made by the appellant's representative. While we do not decide the case on this issue, we deem it important enough to state that due process may be lacking if some applicable code of responsibility is not followed. One such code is the Code of Professional Responsibility for Arbitrators of Labor-Management Disputes of the National Academy of Arbitrators, American Arbitration Association, and Federal Mediation and Conciliation Service. *See* 8 MCAR §§ 3.041, 3.055 (1978). Any case reaching this court involving review of arbitration awards where *ex parte* contacts are made, orally or in writing, in regard to the issues under dispute, without notifying all other parties to the dispute, will raise a strong presumption that the ultimate award made was procured by corruption, fraud or other undue means, and thus subject to vacation pursuant to Minn.Stat. § 572.19, subd. 1(1) (1978).

The decision of the trial court is affirmed.

OTIS, J., took no part in the consideration or decision of this case.