**In the Matter of the arbitration between Robin CHARBONEAU, Appellant,**

v.

**AMERICAN FAMILY INSURANCE COMPANY, Respondent.**

No. C9–90–2525.

Court of Appeals of Minnesota.

April 9, 1991.

Mary C. Cade, Mark H. Gruesner, Schwebel, Goetz & Sieben, P.A., Minneapolis, for appellant.

J.D. Haas, Eden Prairie, for respondent.

Considered and decided by DAVIES, P.J., and LANSING and CRIPPEN, JJ.

## OPINION

DAVIES, Judge.

Although appellant's damages exceeded $5,000 at the time of filing for arbitration, she limited her claim to that amount. Appellant challenges the trial court's interpretation of Minn.Stat. § 65B.525 (Supp.1987) as not giving arbitrators mandatory jurisdiction to hear claims accrued to an amount in excess of $5,000 at the time of hearing.[1] We reverse and remand.

## FACTS

Appellant Robin Charboneau was injured in an automobile accident on December 22, 1985, and received no-fault benefits from her insurer, respondent American Family, until May 1, 1987, when benefits were terminated after an independent medical examination. On October 13, 1987, appellant filed a claim for arbitration. At that time unpaid claims were somewhat more than $5,000, but appellant limited the amount claimed as of that time to $5,000. During the period prior to the arbitration hearing, some 15 months, claimed benefits grew startlingly to approximately $30,000 (exclusive of the waived amount), because, although Charboneau had retrained, she earned little prior to the ultimate arbitration and made an on-going claim for monthly wage loss benefits.

The arbitrator twice held that he did not have jurisdiction over the claim as it did not meet the requirements for mandatory arbitration; more than $5,000 was being claimed and no voluntary agreement existed between the parties to arbitrate a higher amount. Appellant then challenged in district court the arbitrator's rulings of lack of jurisdiction.

In its first proceeding, the trial court vacated the arbitrator's decision denying jurisdiction, but she held the arbitrator only had jurisdiction to decide claims of $5,000 or less. On remand the arbitrator awarded appellant $5,000 plus interest, which was confirmed by the district court. Appellant now challenges the trial court's holding that the arbitrator's jurisdiction was limited to $5,000.

## ISSUE

Did the arbitrator have jurisdiction under Minn.Stat. § 65B.525 (Supp.1987) to rule on a total no-fault claim which, while self-limited to the $5,000 jurisdictional amount as of the date of filing for arbitration, accrued to approximately $30,000 at the date of hearing?

## ANALYSIS

In determining issues of law, this court is not bound by the conclusions of the trial court and may make an independent judgment based on its own interpretation of the applicable statutes and case law. *See Med-Centers Health Care v. Park Nicollet Center*, 430 N.W.2d 668, 672 (Minn.App.1988), *pet. for rev. denied* (Minn. April 26, 1989).

Arbitration has long been favored in Minnesota. *Ehlert v. Western Nat'l Mut. Ins. Co.*, 296 Minn. 195, 199, 207 N.W.2d 334, 336 (1973). Originally, only contractual arbitration agreements which did not "oust" the courts of jurisdiction were enforceable. *See Park Constr. Co. v. Independent School Dist. No. 32*, 209 Minn. 182, 185–86, 296 N.W. 475, 476 (1941). In

---

1. The question of whether a claimant can waive a portion of a claim so as to fall within the $5,000 limit at commencement was not preserved in this case, but has recently been answered with a conclusive yes. *Brown v. Allstate Ins. Co.*, 466 N.W.2d 54 (Minn.App.1991). The question whether arbitration jurisdiction allows an award above $5,000 remains open and must be addressed here.

*Park,* the supreme court ruled that arbitration had no effect on the jurisdiction of the courts but merely removed an area of controversy from litigation. *Id.* at 186, 296 N.W. at 477. Further, compulsory arbitration statutes "designed merely to aid the courts * * * but reserving a right of appeal to the courts" have generally been upheld. 5 Am.Jur.2d *Arbitration and Award* § 9 (1962).

Probably because arbitration traditionally had resulted from a contractual agreement, when the arbitration provision of the no-fault statute was enacted in 1975, it provided that "mutual consent of all parties" was required for submission of even small no-fault and motor vehicle tort claims to arbitration. *See* Minn.Stat. § 65B.525, subd. 1 (Supp.1975). A decade later, in 1985, arbitration of claims for $5,000 or less was made mandatory. *See* Minn.Stat. § 65B.525, subd. 1 (Supp.1985). The supreme court responded by amending its no-fault arbitration rules effective July 1, 1986. Under the 1986 rules, claims to amounts that accrued after the filing for arbitration were also subject to the arbitration if the total claim was still less than $5,000, or if there were agreement of the parties to arbitrate the larger amount. *See* Minn. No–Fault Comprehensive or Collision Damage Auto. Ins. Arbitration R. 7. This created a problem of lost jurisdiction when the claim unexpectedly grew to an amount in excess of $5,000. Jurisdiction for mandatory arbitration was lost even if the claimant were willing to waive all right to amounts above $5,000.

In 1987, we believe in response to this problem of claims growing beyond the jurisdictional amount, the legislature changed the statute again. The 1987 Minnesota Laws, ch. 337, § 108, modified Minn.Stat. § 65B.525, subd. 1, to read as follows:

> The supreme court and the several courts of general trial jurisdiction of this state shall by rules of court or other constitutionally allowable device, provide for the mandatory submission to arbitration of all cases at issue where the claim *at the commencement of arbitration* is in an amount of $5,000 or less against any insured's reparation obligor for no-fault benefits or comprehensive or collision damage coverage.

(Emphasis added). The emphasized text suggests that the legislature recognized the problem of "lost jurisdiction" and acted to rectify it. This inference is consistent with the supreme court's subsequent revision of the associated rule. The supreme court arbitration rules were amended March 24, 1988, to provide as follows:

### RULE 7. JURISDICTION IN MANDATORY CASES

> By statute, mandatory arbitration applies to all claims for no-fault benefits or comprehensive or collision damage coverage where the total amount of the claim at the commencement of arbitration is in an amount of $5,000 or less. In cases where the amount of the claim continues to accrue after the petition is filed, *the arbitrator shall have jurisdiction to determine all amounts claimed, including those in excess of $5,000.*

(Emphasis added.)

The amended statute is applicable to this case. We also hold the subsequently amended arbitration rule to be retroactively applicable to this case notwithstanding that the claim arose between enactment of the amendment and adoption of the rule.

We cannot, however, reconcile the above language of either statute or rule with the no-fault statute's previously stated purpose of creating a system of arbitration for "small claims," Minn.Stat. § 65B.42(4) (1986), nor with the provisions establishing a system for mandatory arbitration of claims of $5,000 or less and voluntary arbitration of claims of $5,000 and more. Nevertheless, the words in the 1987 statute seem inescapable and when statutory provisions are irreconcilable, the later enacted provision prevails. Minn.Stat. § 645.26, subd. 4 (1986). Also, a specific provision prevails over a general provision, thus creating an exception to the general provision. Minn.Stat. § 645.26, subd. 1 (1986).

We hold there is an unlimited claim to mandatory arbitration if arbitration juris-

diction lawfully attaches.[2] We also note that the unlimited jurisdiction which we find in the language of the statute and the rules is here sought by an insured. Such provisions are, however, a two-way street and may not always be more attractive to insureds than to insurers.

The 1987 provision was enacted as a small part of an omnibus insurance bill and the situation in this case may not have been anticipated and considered.[3] If this result is not what the legislators intended, however, it is for them to say through amendment of the statute.

## DECISION

We hold that the arbitrator had jurisdiction under Minn.Stat. § 65B.525 (Supp. 1987) to rule on the total no-fault claim accrued between the commencement of arbitration and the date of hearing (excluding the amount earlier waived to avoid exceeding $5,000).

Reversed and remanded.

CRIPPEN, Judge (concurring specially).

Arbitration of appellant's claim is dictated by the supreme court's 1988 rule amendment. Minnesota No–Fault, Comprehensive or Collision Damage Automobile Insurance Arbitration Rule 7. The rule implements the legislature's amendment of Minn.Stat. § 65B.525, subd. 1. 1987 Minn. Laws ch. 337, § 108. Thus, I concur in the result on appeal. Nothing before us suggests that amendments to the statute and the rule were ill-considered, or that either the legislature or the supreme court failed to anticipate the application of law determined here.

3. Chapter 337 was an omnibus insurance act of broad sweep. The portion of its title reflective of section 108 reads: "providing for mandatory arbitration of certain claims."