**ALL METRO SUPPLY, INC., Respondent,**

v.

**Keith WARNER, Defendant,**

**Green Gardens Nursery and Landscape, Inc., Appellant.**

**No. A05–446.**

Court of Appeals of Minnesota.

Nov. 22, 2005.

John L. Neveaux, Jr., Neveaux and Associates, Wayzata, MN, for respondent.

Philip R. Schenkenberg, Jeffrey A. Abrahamson, Briggs & Morgan, P.A., St. Paul, MN, for appellant.

Considered and decided by DIETZEN, Presiding Judge; KLAPHAKE, Judge; and CRIPPEN, Judge.*

## OPINION

DIETZEN, Judge.

Appellant challenges both the district court's submission of an arbitration award to the arbitrator for clarification, and the court's subsequent confirmation of the amended arbitration award, arguing that the district court exceeded its statutory authority under Minn.Stat. §§ 572.01 to .41 (2004). Because the statute does not permit submission to the arbitrator for clarification after the 20–day time limits set forth in Minn.Stat. § 572.16, subd. 3 (2004) have expired, and the district court was required to confirm the original arbitration award, we reverse and remand for vacation of the amended arbitration award

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

and confirmation of the original arbitration award.

## FACTS

Appellant Green Gardens Nursery and Landscape, Inc. and respondent All Metro Supply, Inc. signed a letter of intent for the sale of respondent's business to appellant. Over the course of six months, negotiations occurred but failed to result in a binding purchase agreement. A dispute arose between the parties which resulted in respondent commencing a lawsuit against appellant. Subsequently, the parties agreed to submit their dispute to binding arbitration under Minn.Stat. §§ 572.01–.41 (2004).

On June 23, 2004, after discovery and a hearing, the arbitrator issued an arbitration award that required appellant to pay $100,000 to respondent conditioned upon respondent's delivery of inventory, equipment, office furnishings, trade fixtures, good will, and lien releases. The award allowed respondent to "retain ownership of all vehicles identified in Claimant's Exhibit 12." Exhibit 12 included a listing of "assets" that were subdivided into three categories: (1) trucks; (2) loaders and bobcat; and (3) pulverizer and conveyor. The parties disagreed as to which assets listed in Exhibit 12 qualified as "vehicles."

On July 22, 2004, respondent wrote to the arbitrator, seeking clarification of the meaning of the term "vehicles" in the arbitration award. Respondent believed it was entitled to retain all assets listed in Exhibit 12, while appellant asserted that it was entitled to all listed assets that were not classified as "vehicles." In his response, the arbitrator stated that he lacked the authority to modify or clarify the award because the request was not made within 20 days pursuant to Minn.Stat. § 572.16, subd. 3. The arbitrator, however, stated that "the intent of the award was for [respondent] to retain all the assets identified on Exhibit 12. I understood them all to be vehicles."

Respondent filed contemporaneous motions with the district court to confirm the original arbitration award under section 572.18, and to correct or modify the award for "evident mistake" under section 572.20, subdivision 1(1). Appellant agreed that the award should be confirmed but argued that correction or modification was not warranted because there was no "evident mistake" in the award. In its order, the district court reserved respondent's motion to confirm and submitted the matter to the arbitrator for clarification of the award's reference to "vehicles," "so that the parties can specifically identify what pieces of equipment and/or automobiles are included within" the award to respondent.

The arbitrator held another hearing, and issued an amended arbitration award. The amended arbitration award concluded that respondent was entitled to retain ownership of all assets identified in Exhibit 12. The amended award included additional changes, requiring appellant to pay respondent the awarded amount in 10 days, specifying three additional assets which respondent was to retain, and adding an additional $4,000 to the amount to be paid by appellant.

Respondent moved the district court for confirmation of the amended arbitration award. Appellant challenged this motion, arguing that the initial arbitration award was still pending and should be confirmed, and that the arbitrator's action was unauthorized by statute and beyond the scope of the district court's directive regarding clarification. The district court granted respondent's motion to confirm the amended arbitration award. This appeal follows.

## ISSUES

I. Did the district court exceed its statutory authority by submitting the original award to the arbitrator for clarification?

II. Did the original arbitration award contain an "evident mistake" requiring the district court to correct or modify the award?

III. Did the district court exceed its statutory authority by confirming the amended arbitration award?

## ANALYSIS

### I.

■ Appellant first contends that the district court exceeded its statutory authority by submitting the original award to the arbitrator for clarification. Respondent argues that, pursuant to this court's decision in *Menahga,* resubmission to the arbitrator was the proper remedy for an uncertain and ambiguous arbitration award. *Menahga Educ. Assoc. v. Menahga Indep. Sch. Dist. No. 821,* 568 N.W.2d 863 (Minn.App.1997), *review denied* (Minn. Nov. 18, 1997).

■ The interpretation of a statute presents questions of law which we review de novo. *Eide v. State Farm Mut. Auto. Ins. Co.,* 492 N.W.2d 549, 554 (Minn.App. 1992). "When interpreting a statute, we first look to see whether the statute's language, on its face, is clear or ambiguous. 'A statute is only ambiguous when the language therein is subject to more than one reasonable interpretation.'" *Am. Family Ins. Group v. Schroedl,* 616 N.W.2d 273, 277 (Minn.2000) (citation omitted).

■ Minn.Stat. §§ 572.01–.41 (2004) is the governing statute for binding arbitration in Minnesota. It is well settled that statutory arbitration must comply with the requirements of the governing statute. *Crosby–Ironton Fed. of Teachers, Local 1325 v. Indep. Sch. Dist. No. 182, Crosby–Ironton,* 285 N.W.2d 667, 669 (Minn.1979). The district court's power to modify an arbitration award is purely statutory. *Int'l Union of Elec. & Mach. Workers of Am., Local 1140 v. Portec, Inc.,* 303 Minn. 341, 343, 228 N.W.2d 239, 241 (1975).

■ Respondent sought to simultaneously confirm the arbitration award or to modify or correct it under Minn.Stat. §§ 572.18, .20 (2004). But neither section permits the district court to submit the award to the arbitrator for modification or correction. Instead, the district court's authority to submit a modification or correction to the arbitrator is limited by Minn.Stat. § 572.16, subd. 2 (2004), which states:

> If an application to the court is pending under section 572.18, 572.19, or 572.20, on submission to the arbitrators by the court under such conditions as the court may order, the arbitrators may modify or correct the award upon the grounds stated in section 572.20, subd. 1, or for the purpose of clarifying the award.

But to utilize the submission process of section 572.16, the party's application to the court under sections 572.18, 572.19, or 572.20 must be made within 20 days after delivery of the award to the party-applicant. Minn.Stat. § 572.16, subd. 3 (2004). The 20–day time limit is strictly construed. *See Crosby,* 285 N.W.2d at 670.

Here, the arbitration award was issued on June 23, 2004, and respondent's request for clarification to the arbitrator was made on July 22, 2004. The arbitrator refused to clarify the award on the basis that the application was untimely. On July 27, 2004, respondent applied to the district court for modification or correction of the arbitration award. Thereafter, the district court submitted the award to the arbitrator for clarification. Appellant argues that the application to the district court was not within the 20–day time limit and, there-

fore, submission to the arbitrator for clarification was untimely. We agree.

Section 572.16 is clear on its face that clarification from the arbitrator must be sought within 20 days after delivery of the arbitration award to the applicant. Because the time limits in the arbitration statute are jurisdictional, the district court lacked authority to submit the award to the arbitrator for clarification after expiration of the 20–day statutory time limit under section 572.16, subdivision 3.

Respondent, however, contends that this court in *Menahga* established a non-statutory basis for the district court to submit ambiguous matters to the arbitrator for clarification after expiration of the time limits of section 572.16. *See Menahga*, 568 N.W.2d 863. We disagree.

In *Menahga*, the Menahga Education Association (MEA) asked the arbitrator to clarify the arbitration award, and then commenced a lawsuit alleging that certain actions taken by the school board violated the Public Employment Labor Relations Act (PELRA). *Id.* at 865. One week later, the MEA moved the district court to modify or correct the award, or alternatively, to confirm it. *Id.* Thus, the district court had pending before it applications to confirm and to modify or correct the award under Minn.Stat. §§ 572.18, and .20. The MEA contended that the arbitration award was ambiguous and needed clarification by the arbitrator. *See id.* at 867. But the district court interpreted the arbitration award instead of submitting it to the arbitrator for clarification. *Id.* at 868. Essentially, the district court filled in the gaps caused by the award's conflicting findings. *See id.*

On appeal, this court reversed, concluding that a district court abuses its discretion when it interprets and confirms an ambiguous arbitration award instead of submitting it to the arbitrator for clarifica-

tion in accordance with Minn.Stat. § 572.16. *Id.* at 866, 869. It does not appear that either party argued timeliness under section 572.16 to the *Menahga* court. Nothing in the opinion indicates that the *Menahga* court intended to establish a non-statutory mechanism to avoid the time limits of section 572.16. Consequently, *Menahga* does not support appellant's argument that the district court has authority to submit awards for clarification after the 20–day statutory time limit.

## II.

■ Second, appellant contends that respondent's application to correct or modify the award for "evident mistake" under section 572.20, subdivision 1(1) lacked merit and, therefore, there was no basis for the district court to correct or modify the award. Respondent argues that the ambiguity of the term "vehicles" in the arbitration award was an evident mistake in the description of property.

Minn.Stat. § 572.20, subd. 1 (2004), provides that upon application made within 90 days, the district court shall modify or correct the award where:

(1) There was an evident miscalculation of figures or an *evident mistake in the description of any person, thing or property referred to in the award;*

(Emphasis added).

■ Statutory interpretation is a question of law that we review de novo. *Eide*, 492 N.W.2d at 554. The object of statutory interpretation is to give the words their plain and ordinary meaning. *Erickson v. State*, 599 N.W.2d 589, 590 (Minn.App.1999), *review denied* (Dec. 14, 1999); *see also* Minn.Stat. § 645.08(1) (2004) (words and phrases are construed according to their common and approved usage). "A statute should be interpreted, whenever possible, to give effect to all of

its provisions." *Schroedl*, 616 N.W.2d at 277. And "[w]e are to read and construe a statute as a whole and must interpret each section in light of the surrounding sections to avoid conflicting interpretations." *Id.*

 The relevant statutory phrase provides that the court shall modify or correct the award where: "[t]here was an evident miscalculation of figures or an evident mistake in the description of any person, thing or property referred to in the award." Minn.Stat. § 572.20, subd. 1(1). In *Portec*, the Minnesota Supreme Court interpreted this phrase, concluding that an evident miscalculation or mistake is limited to "technical errors and irregularities in the award which do not affect the merits." 303 Minn. at 346, 228 N.W.2d at 243. We observe that "evident" means "[e]asily seen or understood; obvious." *The American Heritage Dictionary* 617 (4th ed.2000). Thus, we conclude that an evident miscalculation is an error that is obvious on the face of the award, and the correction of which does not require the court to go outside of the four corners of the award. For example, an evident miscalculation could involve an obvious mathematical error in adding a column of numbers. Similarly, an evident mistake in the description of any person, thing or property could involve a mistake in identifying the wrong year or serial number of a vehicle that is the subject of an award. But if it is necessary to go outside of the award to ascertain the intent of the arbitrator, then the relief sought is for clarification of the award.

Here, the arbitrator did not explain the meaning of the term "vehicle" in the award. Appellant contends that "vehicle" must mean those items identified as trucks in Exhibit 12. Respondent argues that every item listed in Exhibit 12 is a "vehicle." Both interpretations have some merit. Based on the award, it is not possible to determine the meaning of the word "vehicle." One must resort to extrinsic evidence, that is, go outside the award, to determine the arbitrator's intent as to the meaning of the word "vehicle." Conversely, the use of the word "vehicle" in the award does not constitute an evident mistake in the description of the property that can be corrected by reviewing the four corners of the award. Consequently, respondent's only statutory remedy was to seek clarification of the award. Because respondent did not bring a timely application to clarify, it is without a statutory remedy.

Respondent requests that this court intervene to resolve the dispute as to the interpretation of the phrase "vehicles" in the arbitration award. Respondent argues that this court has the authority to make the necessary clarification. But section 572.16 precludes clarification after expiration of the 20–day time limit. Consequently, neither the district court nor this court has the statutory authority to submit the matter to the arbitrator to clarify the award.

### III.

 Third, appellant contends that the district court erred by confirming the amended arbitration award rather than the original award. Appellant argues that the district court only had statutory authority to confirm the original arbitration award. We agree.

Minn.Stat. § 572.20, subd. 2 (2004) provides that, "[i]f the application [for correction or modification] is granted, the court shall modify and correct the award so as to effect its intent and shall confirm the award as so modified and corrected. Otherwise, the court shall confirm the award as made." *Id.* Because the original arbitration award did not contain an "evident mistake" under section 572.20 requiring

modification or correction by the district court, and the time for seeking clarification of the award under section 572.16 had expired, the district court was statutorily required to confirm the original award. As a result, the amended arbitration award must be vacated.

ty to submit the arbitration award to the arbitrator and was statutorily required to confirm the original arbitration award. We reverse and remand for vacation of the amended arbitration award and confirmation of the original arbitration award.

**Reversed and remanded.**

## DECISION

Because respondent did not file its application within 20 days of the date the arbitration award was delivered to it; and the original arbitration award did not contain an evident mistake in the description of property, the district court lacked authori-