*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2016).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A16-0695**

State of Minnesota,
Respondent,

vs.

Rhonda Jean Fitzgerald-Hunter,
Appellant.

**Filed February 6, 2017
Affirmed
Ross, Judge**

Washington County District Court
File No. 82-CR-15-2427

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Pete Orput, Washington County Attorney, Nicholas A. Hydukovich, Assistant County Attorney, Stillwater, Minnesota (for respondent)

Kristi D. McNeilly, McNeilly Law, P.A., Woodbury, Minnesota (for appellant)

Considered and decided by Schellhas, Presiding Judge; Ross, Judge; and Jesson, Judge.

**U N P U B L I S H E D   O P I N I O N**

**ROSS**, Judge

A jury found that Rhonda Fitzgerald-Hunter sold a confidential informant cocaine during a controlled buy after the jury also heard that Fitzgerald-Hunter had previously sold drugs to the informant. Fitzgerald-Hunter argues on appeal that we should reverse her

conviction because the district court admitted evidence of her prior bad acts, also known as *Spreigl* evidence, without going through the proper rule 404(b) analysis. Even assuming the district court improperly admitted *Spreigl* evidence, the error did not significantly affect the guilty verdict. We therefore affirm.

**FACTS**

An undercover police detective drove a confidential informant, S.B., to Rhonda Fitzgerald-Hunter's apartment building in June 2015 to conduct a controlled buy of drugs from Fitzgerald-Hunter. Drug task force members had secured S.B.'s cooperation as a confidential informant after they learned that she possessed cocaine and she told them that she purchased cocaine only from Fitzgerald-Hunter. Before they went to the apartment building, the detective searched S.B. and found no drugs on her person. He gave her a hidden camera, a telephone equipped for audio recording, and $200 in cash with recorded serial numbers. The detective took S.B. to the apartment. S.B. walked inside, knocked on Fitzgerald-Hunter's door, and entered. After less than five minutes, S.B. left Fitzgerald-Hunter's apartment and returned to the detective's unmarked car. She handed him three plastic baggies labeled "420." Each baggie contained cocaine. The detective searched S.B. and did not find the $200.

Detectives executed a search warrant for Fitzgerald-Hunter's apartment five days later. They found a digital scale, baggies labeled "420," and two phones. They found no drugs or the controlled-buy money. The state charged Fitzgerald-Hunter with one count of fourth-degree sale of a controlled substance under Minnesota Statutes section 152.024, subdivision 1(1) (2014).

S.B. testified at trial that Fitzgerald-Hunter was her drug dealer and that she had purchased drugs from Fitzgerald-Hunter previously. Fitzgerald-Hunter's attorney repeatedly objected to this testimony as improper character evidence and moved for a mistrial. The district court overruled the objections and denied the motion. The district court reasoned that the jury needed to understand how S.B. knew Fitzgerald-Hunter, providing context for the detective's decision to arrange the controlled buy. The jury found Fitzgerald-Hunter guilty.

Fitzgerald-Hunter unsuccessfully moved for a new trial on the ground that the district court erred by allowing the jury to hear prior-bad-acts evidence without meeting the procedural requirements for admitting the evidence. The district court denied the motion. It sentenced Fitzgerald-Hunter to 60 days in jail and 10 years of probation. She appeals from her conviction.

## D E C I S I O N

Fitzgerald-Hunter challenges the district court's decision to admit S.B.'s testimony describing Fitzgerald-Hunter as a drug dealer who had sold cocaine to S.B. previously. The parties do not agree whether the district court should have characterized the evidence of her prior drug-transaction with S.B. as evidence of Fitzgerald-Hunter's (presumptively inadmissible) prior bad acts or as evidence of her (presumptively admissible) general relationship with S.B. We do not resolve the disagreement.

We will not reverse a district court's admission of prior-bad-acts evidence unless the district court abused its discretion in admitting the evidence and there is a reasonable possibility that the evidence significantly affected the verdict. *State v. Ness*, 707 N.W.2d

3

676, 685 (Minn. 2006). Even assuming that the challenged evidence here is prior-bad-acts evidence and that the district court failed to conduct the necessary rule 404(b) analysis, Fitzgerald-Hunter does not clear the prejudice hurdle. The question becomes, is there a "reasonable possibility that the wrongfully admitted evidence significantly affected the verdict?" *State v. Fardan*, 773 N.W.2d 303, 320 (Minn. 2009). The answer is no.

To determine whether the evidence of Fitzgerald-Hunter's allegedly prior bad acts significantly affected the verdict, we ask how the state presented the evidence, whether the district court gave a cautionary instruction, whether the state referred to the evidence in its closing argument, the strength of the state's other evidence, and the evidence the defendant produced in her defense. *See State v. Bolte*, 530 N.W.2d 191, 198–99 (Minn. 1995).

The state introduced evidence that left little room to doubt that Fitzgerald-Hunter sold a controlled substance to S.B. on June 10, 2015. The jury heard from S.B. that she entered Fitzgerald-Hunter's apartment and bought cocaine from her. The investigators told the jury that they closely managed and monitored the controlled buy and saw S.B. enter Fitzgerald-Hunter's apartment with $200 cash but no drugs and then leave the apartment after less than five minutes with three baggies of cocaine but no cash. The detectives explained that, when they searched the apartment five days later, they found a digital scale and baggies hand-marked with "420," exactly matching the three labeled baggies of cocaine that S.B. possessed only when she left Fitzgerald-Hunter's apartment. This evidence does not lend itself to any apparent, reasonable, innocent interpretation.

Nothing in the other factors would lead us to reverse in the face of this overwhelming evidence of Fitzgerald-Hunter's guilt. The state presented the challenged

4

evidence in limited fashion and without details. The district court did not give a cautionary instruction, but that does not help Fitzgerald-Hunter's cause because the district court intended to include a cautionary instruction but did not only because Fitzgerald-Hunter urged the court not to. Fitzgerald-Hunter correctly asserts that the prosecutor referenced the evidence of her prior drug sales to S.B. during closing argument. It is true that this may tend to increase the risk that the jury would unduly rely on the evidence. *See State v. Vick*, 632 N.W.2d 676, 686 (Minn. 2001). But Fitzgerald-Hunter overstates the state's reliance on this evidence. The prosecutor emphasized the details of the controlled buy, not any previous drug deal. And the final factor—the evidence the defendant produced in her defense—is inconsequential because she presented no evidence in defense.

It is impossible for us to conclude that the jury relied on the prior-acts evidence, instead of the overwhelming admissible evidence, when it found Fitzgerald-Hunter guilty of selling S.B. a controlled substance. The allegedly erroneously-admitted *Spreigl* evidence did not significantly affect the verdict.

**Affirmed.**