# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-1889
_____

Mark Herll; Patricia Herll,

*Plaintiffs - Appellees,*

v.

Auto-Owners Insurance Company,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: February 7, 2017
Filed: January 5, 2018

_____

Before LOKEN, COLLOTON, and KELLY, Circuit Judges.

_____

COLLOTON, Circuit Judge.

Auto-Owners Insurance Company appeals the district court's order granting summary judgment in favor of its insured, Mark and Patricia Herll, in a dispute concerning damage from a hailstorm to windows in the Herlls' home. The parties could not agree on a loss amount for the damage, so they submitted the loss determination to an appraisal panel in accordance with the policy. The panel issued

an appraisal award, but the parties then disputed the meaning of the award. The district court ruled that the appraisal award unambiguously favors the Herlls' interpretation, but we conclude that the award is ambiguous, and that the court should have returned the matter to the appraisal panel for clarification.

After the Herlls' home was damaged in a wind and hailstorm, they submitted a claim to Auto-Owners. When a dispute arose concerning the amount of loss, the parties submitted the loss determination to a three-member appraisal panel in accordance with the Herlls' policy. That policy provides in pertinent part:

> Each party will select an appraiser and notify the other of the appraiser's identity within 20 days after the [written] demand [for an appraisal] is received. The appraisers will select a competent and impartial umpire. . . . The appraisers shall then appraise the loss, stating separately the actual cash value and loss to each item. If the appraisers submit a written report of an agreement to [Auto-Owners], the amount agreed upon shall be the actual cash value or amount of loss. If they cannot agree, they will submit their differences to the umpire. A written award by two will determine the actual cash value or amount of loss.

The panel received evidence and issued an "Appraisal Award."

The award is a one-page typed form with spaces for handwritten entries. The top portion of the form sets forth the name of the insurance company, the insured, the property affected, and the date and cause of loss. Written in the space for "Cause" is "storm—wind & hail" and on the line for "Loss Date" is "8-26-2013." The parties agree that the date is mistaken, and that the correct loss date is August 6, 2013.

The next part of the form sets forth three columns to be completed by the appraisers: "Item," "Loss Replacement Cost," and "Loss Actual Cash Value." The handwritten award lists two items. The first is "Dwelling—All but front & right

-2-

window related loss." For this item, the form states a replacement cost value of $116,208 and an actual cash value of $81,345.60.

The second item is described as follows: "Dwelling—front & right window related loss an additional. We question the # of losses here." For this item, the form lists a replacement cost value of $60,000 and an actual cash value of $42,000.

Below the blanks for the "Loss Replacement Cost" and "Loss Actual Cash Value" corresponding to each listed item, the form includes blanks for total amounts. To the left of these blanks is the pre-printed word "ALL." In the two blanks corresponding to "ALL," the appraisers wrote "$ see above" and "$ see above."

Under the portion of the form where the amounts are listed, there is a space designated for "CLARIFICATIONS IF ANY." In that space, the award states in handwriting: "GROSS LOSS." At the bottom of the award form is a typed certification stating: "We certify that we have conscientiously and impartially performed the duties assigned to us in accord with the appraisal provisions of the policy and do hereby award the amounts established above for the described loss." The award is signed by one of the two appraisers and the umpire.

Auto-Owners promptly issued a check to the Herlls for the actual cash value of the first item listed, less a deductible amount, and that portion of the award is not in dispute. As to the second item, however, both parties promptly requested clarification from the appraisal panel about whether the panel intended to award damages for the front and right windows of the dwelling.

Counsel for Auto-Owners told the panel that he was "confused about the award and need[ed] clarification." Due to the panel's "comments" questioning the number of losses, Auto-Owners could not tell whether the panel found that the damage to the front and right windows was caused by the storm on August 6, 2013: "Did the panel

find that damage was caused by the August 6th 2013 storm? If not, the comments and amounts should be removed. If so, the comments do nothing but cause confusion and should be deleted." Counsel concluded that he was "not clear on what [the] findings are yet due to the comments." Counsel for the Herlls also wrote to the panel, agreeing with counsel for Auto-Owners that with regard to the lines on the form concerning losses related to the front and right windows, "we need to know if the damage indicated thereon is attributable to the 8-6-13 storm given the additional commentary."

In response, the umpire sent an e-mail to both parties and the other members of the appraisal panel. The e-mail purported to set forth the views of the three panel members on the causes of damage and amount of damage to the home, but it did not resolve the disagreement between the parties about the meaning of the appraisal award. Auto-Owners refused to make payments for the front and right windows on the ground that the award excluded those losses. The Herlls maintained that they were entitled to an additional amount under the award for damages to those windows.

The Herlls then filed suit in Minnesota state court, asserting a breach of contract claim and seeking a declaratory judgment that they were entitled to additional payment under the appraisal award for damage to the front and right windows. Auto-Owners removed the action to federal court based on diversity of citizenship. The Herlls moved for summary judgment, seeking confirmation of the appraisal award, costs, and interest. *See* Minn. Stat. § 572B.22. Auto-Owners also moved for summary judgment, asserting that it had fulfilled its duties under the contract by paying the amount owed under the appraisal award for the first item only. In support, Auto-Owners submitted affidavits from the umpire and one of the appraisers.

The district court granted the Herlls' motion for summary judgment. The court declined to consider the affidavits submitted by Auto-Owners on the ground that they

were untimely. The court concluded that Auto-Owners' interpretation of the award was "not consistent with the award on its face, which lists the replacement costs and actual cash value costs for damage to the dwelling resulting from the August 6, 2013 storm, including damage to the front and right windows." The court then confirmed the appraisal award in its entirety, concluding that under the governing Minnesota statute, when no party has moved to change, modify, correct, or vacate the award within ninety days of the award, it was required to confirm the award.

Auto-Owners argues that the district court erred by granting summary judgment, because the award was ambiguous, and an award cannot be confirmed when its meaning is unclear. The Minnesota Uniform Arbitration Act applies to the review and confirmation of appraisal awards in insurance disputes. *QBE Ins. Corp. v. Twin Homes of French Ridge Homeowners Ass'n*, 778 N.W.2d 393, 398 (Minn. Ct. App. 2010); *David A. Brooks Enters., Inc. v. First Sys. Agencies*, 370 N.W.2d 434, 435 (Minn. Ct. App. 1985); *see Johnson v. Mut. Serv. Cas. Ins. Co.*, 732 N.W.2d 340, 346 (Minn. Ct. App. 2007). Under the Act, if an award is ambiguous, the court may "submit the claim to the arbitrator to consider whether to modify or correct the award . . . to clarify the award." Minn. Stat. § 572B.20(d)(3); *see Hilltop Constr., Inc. v. Lou Park Apartments*, 324 N.W.2d 236, 240 (Minn. 1982). A reviewing court is "prohibited from ignoring the ambiguity and summarily affirming the award." *Menahga Educ. Ass'n v. Menahga Indep. Sch. Dist. No. 821*, 568 N.W.2d 863, 869 (Minn. Ct. App. 1997).

We agree with Auto-Owners that the appraisal award is ambiguous. The award listed "Loss Replacement Cost" and "Loss Actual Cash Value" for two items: (1) "Dwelling—All but front & right window related loss," and (2) "Dwelling—front & right window related loss an additional." But under the second item, the panel wrote, "We question the # of losses here." And in the spaces designated for the listing of total amounts in each loss category, the panel wrote simply, "see above." No total amount was entered. "Above" are the two listed items, the amounts attributable to

each item for replacement cost and actual cash value, and the commentary that the panel members "question the # of losses here." Whether the panel meant to award the sum of the two amounts that were listed but not totaled is unclear, because "see above" also refers the reader to the panel's statement that it questions the number of losses. The award is "reasonably susceptible of more than one interpretation," and it is therefore ambiguous. *Art Goebel, Inc. v. N. Suburban Agencies, Inc.*, 567 N.W.2d 511, 515 (Minn. 1997).

Under these circumstances, "the correct action for the court is not to weigh the merits under the law but instead to resubmit the award to the arbitrator's bargained-for construction of the facts and decision under the contract." *Menahga Educ. Ass'n*, 568 N.W.2d at 866. Although a motion to modify or correct an award must be filed within ninety days after notice of the award, Minn. Stat. § 572B.24(a), there is no such time limit on the court's authority to resubmit an award when presented with a motion to confirm an ambiguous award. *See* Minn. Stat. §§ 572B.20(d)(3), 572B.22.[*] Accordingly, we vacate the judgment and remand the case with directions to resubmit the award to the appraisal panel.

_____

[*]In *All Metro Supply, Inc. v. Warner*, 707 N.W.2d 1 (Minn. Ct. App. 2005), the state court of appeals held that a district court presented with an application to confirm an ambiguous award could not resubmit the award to an arbitrator unless the application to confirm was made within 20 days after delivery of the award to the party-applicant. *Id*. at 4; *see* Minn. Stat. § 572.16(2), (3) (repealed Aug. 1, 2012). Since then, however, the Minnesota legislature eliminated the 20-day time limit when it enacted § 572B.20(d)(3) to supersede former § 572.16(2), (3).